1  LEON J. PAGE, COUNTY COUNSEL (CA SBN 208587)
   leon.page@coco.ocgov.com
2  WENDY J. PHILLIPS, SENIOR DEPUTY (CA SBN 178452)
   wendy.phillips@coco.ocgov.com
3  D. KEVIN DUNN, SENIOR DEPUTY (CASBN 194604)
   kevin.dunn@coco.ocgov.com
4  REBECCA S. LEEDS, SENIOR DEPUTY (CA SBN 221930)
   rebecca.leeds@coco.ocgov.com
5  CAROLYN M. KHOUZAM, DEPUTY (CA SBN 272166)
   carolyn.khouzam@coco.ocgov.com
6  333 W. Santa Ana Boulevard, Suite 407
   Santa Ana, California 92701
7  Telephone: (714) 834-3300
   Facsimile: (714) 834-2359
8

9  Attorneys for Defendants/Respondents,
   ANTHONY J. RACKAUCKAS and SANDRA HUTCHENS
10

11 *Exempt From Filing Fees Pursuant to Gov't Code § 6103*

12          **UNITED STATED DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14 PEOPLE FOR THE ETHICAL          )  Case No. 8:18-cv-00805-CJC-JDEX
   OPERATION OF PROSECUTORS AND    )
15 LAW ENFORCEMENT (P.E.O.P.L.E.); )
   BETHANY WEBB; THERESA SMITH;    )  **OPPOSITION BY DEFENDANTS/**
16 and, TINA JACKSON,              )  **RESPONDENTS TO MOTION TO**
                                   )  **REMAND**
17          Plaintiffs/Petitioners, )
                                   )
18      vs.                        )
                                   )
19 ANTHONY J. RACKAUCKAS, in his   )
   official capacity as Orange County District )
20 Attorney; and, SANDRA HUTCHENS, in )
   her official capacity as Orange County )
21 Sheriff,                        )
                                   )  DATE: July 23, 2017
22          Defendants/Respondents. )  TIME:  1:30 P.M.
                                   )  DEPT.: 9B
23

24      Defendants/Respondents, Anthony J. Rackauckas, in his official capacity as

25 Orange County District Attorney ("OCDA"), and Sandra Hutchens, in her official

26 capacity as Orange County Sheriff ("OCSD"), by and through their attorneys of record,

27 hereby respectfully submit this Memorandum of Points and Authorities in Opposition to

28 Plaintiffs/Petitioners' (hereinafter "Plaintiffs") Motion to Remand action to state court.

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

-1-

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES.................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES....................................... 2

I.      INTRODUCTION AND SUMMARY OF ARGUMENT.................................. 2

II.     PROCEDURAL BACKGROUND ............................................................ 3

III.    ARGUMENT .......................................................................................... 4

        A.      Removal Was Proper.................................................................4

        B.      Article III Standing is a Question of Justiciability, the
                Presence or Absence of Which Has no Bearing on the
                Propriety of Removal in the First Instance ...........................7

                1.      The Meaning of "Subject Matter Jurisdiction" as Used in
                        28 U.S.C. § 1447(c) is Not Clear.................................9

                2.      This Court Should Exercise Its Discretion to
                        Decline Remand..........................................................11

        C.      The Court is Not Required to Remand Federal Questions
                to the State Court....................................................................12

        D.      This Could Should Refuse to Divest Itself of
                Original Jurisdiction Over Federal Claims. .........................14

        E.      This Court May Should Exercise Supplemental
                Jurisdiction and Decide the State Law Claims.....................16

        F.      Concurrent Jurisdiction Does Not Render Removal Improper...........18

        G.      Plaintiffs Are Not Entitled to an Award of Attorneys Fees ................19

IV.     CONCLUSION .................................................................................... 23

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

# TABLE OF AUTHORITIES

Page No.

**FEDERAL CASES**

*Advocates for Individuals with Disablties Foundation Inc. v. Russell Enterprises Inc.*
  2016 WL 7187931 at p. 3 (D.Ariz. 2016) ........................................ 14, 15

*ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Evntl. Quality of Montana*
  213 F.3d 1108 (9th Cir. 2000) ................................................................12

*ASARCO Inc. v. Kadish*
  490 U.S. 605 (1989).................................................................................13

*Baddie v. Berkeley Farms, Inc.*
  64 F.3d 487 (9th Cir. 1995) ....................................................................21

*Baldi v. City of Philadelphia*
  609 F.Supp. 162 (E.D.Pa. 1985).............................................................19

*Barraclough v. ADP Automotive Claims Services, Inc.*
  818 F.Supp. 1310 (N.D. Cal. 1993).................................................6, 16, 22

*Bartakian v. County of Clark*
  354 Fed.Appx. 287 (9th Cir. 2009) (*unpublished*) ..........................................6

*Beckman v. Graves*
  360 F.2d 148 (10th Cir.1966) .................................................................18

*Beisel v. Aid Ass'n for Lutherans*
  843 F. Supp. 616 (C.D. Cal. 1994).........................................................20

*Brockman v. Merabank*
  40 F.3d 1013 (9th Cir. 1994) ..................................................... 5, 13 fn. 5

*Boxer v. Accuray Inc.*
  906 F. Supp. 2d 1012 (N.D. Cal. 2012)..................................................21

*California Republican Party v. Mercier*
  652 F. Supp. 928 (C.D. Cal. 1986)................................................... 18, 19

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

**Page No.**

*Carnegie-Mellon Univ. v. Cohill*
484 U.S. 343 (1988)..................................................................16, 17

*Caterpillar Inc. v. Williams*
482 U.S. 386 (1987)..........................................................................5

*Chicago v. International Coll. Of Surgeons*
522 U.S. 156, 173 (1997) ..............................................................17

*City of Cookeville, Tenn. V. Upper Cumberland Elec. Membership Corp.*
484 F.3d 380 (6th Cir. 2007) .............................................. 12 fn. 4

*Coman v. International Playtex, Inc.*
713 F. Supp. 1324 (N.D. Cal 1989).............................................20

*Cook v. Robinson*
612 F.Supp. 187 (E.D.Va. 1985) ..................................................19

*Daimler Chrysler Corp. v. Cuno*
547 U.S. 332 (2006)........................................................................15

*Dorsey v. City of Detroit*
858 F.2d 338 (6th Cir. 1988) ........................................................18

*Duncan v. Stuetzle*
76 F.3d 1480 (9th Cir. 1996) ...........................................................5

*Foster v. Wilson*
504 F.3d 1046 (9th Cir.2007) .......................................................16

*Gonzales v. City of Mesa*
779 F.Supp. 1050 (D.Ariz. 1991) ................................................16

*Hill v. Vanderbilt Capital Advisors*
*LLC*, 702 F.3d 1220 (10th Cir. 2012) ........................ 8, 13, 13 fn. 5

*HyperQuest, Inc. v. N'Site Solutions, Inc.*
559 F.Supp.2d 918 (N.D. Ill. 2008)................................................9

*In re City of Mobile*
75 F.3d 605 (11th Cir.1996) ..........................................................12

TABLE OF AUTHORITIES

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

                                                                          **Page No.**

*Int'l Primate Prot. League v. Admins. Of Tulane Educ. Fund*
    500 U.S. 72 (1991)........................................................................................12

*K.V. Mart Co. v. United Food and Commercial Workers International Union*
    173 F.3d 1221 (9th Cir. 1999) ...................................................................22

*Kruse v. State of Hawaii*
    68 F.3d 331 (9th Cir.1995) ..................................................................... 4

*Lafferty v. Solar Turbines Int'l.*
    666 F.2d 408 (9th Cir.1982) .....................................................................19

*Langford v. Gates*
    610 F.Supp. 120 (C.D. Cal. 1985) ...........................................................19

*Lee v. Am. Nat. Ins. Co.*
    260 F.3d 997 (9th Cir. 2001) ......................................... 5, 7, 7 fn. 3, 8

*Lee v. City of Beaumont*
    12 F.3d 933 (9th Cir. 1993) .....................................................................16

*Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex.*
    418 S.W.3d 263 (Tex. App. 2013) ...........................................................15

*Lucero v. Donovan*
    258 F.Supp. 979 (C.D. Cal. 1966) ..........................................................6

*Martin v. Franklin Capital Corp.*
    546 U.S. 132 (2005)................................................................................19

*Mercy McConnell v. Marine Engineers Beneficial Association*
    526 F.Supp. 770 (N.D.Cal.1981)............................................................18

*Mincy v. Staff Leasing, L.P.*
    100 F. Supp. 2d 1050 (D. Ariz. 2000) ....................................................12

*Moore v. Permanente Medical Group, Inc.*
    981 F.2d 443, 446 (9th Cir. 1992) ....................................................20, 22

*Nishimoto v. Federman-Bachrach & Associates*
    903 F.2d 709 (9th Cir. 1990) ..................................................................16

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

TABLE OF AUTHORITIES

**Page No.**

*Polo v. Innoventions Int'l, LLC*
     833 F.3d 1193 (9th Cir. 2016) ........................................................ 13

*Rent Stabilization Ass'n v. Dinkins*
     5 F.3d 591 (2d Cir. 1993) ............................................................... 9

*Schmitt v. Ins. Co. of North America*
     845 F.2d 1546 (9th Cir. 1998) ........................................................ 20

*Schrader v. Hamilton*
     959 F. Supp. 1205 (C.D. Cal. 1997) .......................................... 20, 21

*Sheikh v. District of Columbia*
     52 F.Supp.3d 22 (D.D.C. 2014) ...................................................... 6

*Sparta Surgical Corp. v. NASD*
     159 F.3d 1209 (9th Cir. 1998) ..................................................... 5, 7

*State of Neb. ex rel. Dept. of Soc. Services v. Bentson*
     146 F.3d 676 (9th Cir. 1998) ........................................................ 8

*Sweeney v. Abramovitz*
     449 F.Supp. 213 (D.Conn.1978) ................................................... 19

*Union Pac. R.R. v. Bhd. Of Locomotive Eng'rs &*
*Trainmen Gen. Comm. of Adjustment, Cent. Region*
     558 U.S. 67 (2009) ...................................................................... 9

*United Fabrics International, Inc. v. C&J Wear, Inc.*
     2009 WL 10655841 (C.D. Cal. 2009) ......................................... 9, 10

*United Mine Workers v. Gibbs*
     383 U.S. 715 (1966) .................................................................... 16

*Williams v. Costco Wholesale Corp.*
     471 F.3d 975 (9th Cir. 2006) ...................................................... 5, 11

*Williams v. Ragnone*
     147 F.3d 700 (8th Cir.1998) ........................................................ 12

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

v
TABLE OF AUTHORITIES

Page No.

*Wisconsin Dept. of Corrections v. Schacht*
    524 U.S. 381 (1998)..................................................................................11

**CALIFORNIA CASES**

*Cal. DUI Lawyers Ass'n v. Cal. Dep't of Motor Vehicles*
    20 Cal.App.5th 1247 ..............................................................................13

**FEDERAL STATUTES**

United States Code
    28 U.S.C. § 1331 ...........................................................................*passim*
    28 U.S.C. § 1367(a) ...............................................................................4, 16
    28 U.S.C. § 1441 ...........................................................................*passim*
    28 U.S.C. § 1441(a) .......................................................................*passim*
    28 U.S.C. § 1442(a)(1) ...........................................................................12
    28 U.S.C. § 1445 ......................................................................................18
    28 U.S.C. § 1446..........................................................................*passim*
    28 U.S.C. § 1446(a) ..................................................................................6
    28 U.S.C. § 1447(c) ......................................................................*passim*
    28 U.S.C. § 1453 (Class Action Fairness Act)............................................13
    42 U.S.C. § 1983 (Civil Rights Act) ......................................................*passim*

**FEDERAL RULES OF EVIDENCE AND PROCEDURE**

Federal Rules of Civil Procedure
    Fed. R. Civ. P. 12(b)(6) .....................................................................3, 4, 11

**OTHER AUTHORITIES**

*Standing in Good Stead: State Courts, Federal Standing Doctrine, and
Reverse-Erie Analysis,* 99 Nw. U. L. Rev. 1315 (2005)..........................................15

William A. Fletcher, *The "Case or Controversy" Requirement in State Court
Adjudication of Federal Questions,* 78 Calif. L. Rev. 263 (1990) ........................15

Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,*
§ 3729, at 495 (1985) .................................................................................18

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Notwithstanding Plaintiffs' argument to the contrary, the removal of this action from state court was entirely proper and in compliance with 28 U.S.C. § 1441.  Plaintiffs state multiple causes of action arising under the laws of the United States of America: the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution, and assert causes of action created by Congress: the Civil Rights Act (42 U.S.C. § 1983).  Plaintiffs, as the "master of their own complaint," could have avoided removal by eliminating any claims arising under the laws of the United States and/or causes of actions created by Congress. Instead, every claim in Plaintiffs' complaint arises under the same nucleus of facts and same alleged wrongdoing, which are purported violations of the Fifth, Sixth and Fourteenth Amendments.  Even though they allege causes of action under the California Constitution and violation of three state statutes, the underlying wrong alleged as the basis for ALL the causes of action arises under federal law.  Accordingly, the OCDA and the OCSD (hereinafter collectively "removing parties") had every right to remove the case from state court pursuant to the plain language of 28 U.S.C. § 1441.

Despite the fact that the crux of the Complaint arises under the laws of the United States, Plaintiffs assert that the removal was improper and ask this Court to impose on the removing parties the burden of assessing and establishing Plaintiffs' Article III standing **prior** to removing the case even though 28 U.S.C. § 1441 imposes no such requirement. While Plaintiffs may in fact lack Article III standing (an issue that the removing parties submit to the sound discretion of the Court), the proper result is not remand of the entire action, but rather, dismissal of the federal question causes of action.  Moreover, this Court should decline to remand the federal claims as this would result in the Court divesting itself of its original jurisdiction over federal questions.  Plaintiffs cite no authority requiring or endorsing such divestment of jurisdiction.

//

//

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

-2-

1    Assuming arguendo that the third, sixth and ninth causes of action, which allege
2    violations of state law, are not inextricably intertwined with the federal questions
3    presented (an issue that removing parties are *not* conceding), this Court should decline
4    remand and instead rule on removing parties' 12(b)(6) motion to dismiss as an exercise of
5    the Court's supplemental jurisdiction.  Additionally, there are policy reasons this Court
6    should decline to remand the case to state court.  Plaintiffs' sole reason for seeking
7    remand to state court is to avail themselves of California's liberal standing laws, which
8    are not applicable in federal court.  Plaintiffs want to sue on federal theories without
9    being held to the Constitutional requirements for litigants in of federal courts.  This
10   would lead to inconsistent treatment of litigants from one state to the next.  In California,
11   a Plaintiff might have standing to pursue a federal cause of action but in another state,
12   with less liberal standing laws, a Plaintiff similarly injured would not be able to pursue a
13   federal cause of action.  Because all of Plaintiffs' causes of action "arise under" federal
14   law, this Court should apply federal jurisprudence in deciding Plaintiffs' case to avoid
15   such inequitable application of federal laws.

16   If Plaintiffs want to avoid federal jurisdiction, they must abandon their federal
17   claims.  Otherwise, it is removing parties' right to have a federal court adjudicate the case
18   – even if the result is dismissal for lack of Article III standing.  Finally, Plaintiffs' request
19   for attorneys' fees must be denied because removal of this action was entirely proper
20   under the statutes and case law discussed herein, and therefore "objectively reasonable."

21   ## II.   PROCEDURAL BACKGROUND

22   Plaintiffs filed this action on April 4, 2018, in the Superior Court of California,
23   County of Orange.  Removing parties were served on April 14, 2018, and on May 8,
24   2018, filed a notice of removal pursuant to 28 U.S.C. § 1441(a) alleging, as the basis for
25   removal, that this Court has original jurisdiction over the federal questions presented in
26   the Complaint pursuant to 28 U.S.C. § 1331.  When Plaintiffs refused to grant removing
27   parties' request for an extension of time to respond to the Complaint, they obtained an
28   extension of time from this Court via an *ex parte* application.  Removing parties filed a

-3-

1  timely motion to dismiss pursuant to FRCP 12(b)(6) on June 14, 2018.  Plaintiffs filed

2  their motion to remand on June 13, 2018.  Based on the Local Rule 7-3 conference, the

3  parties agreed to set both motions for hearing on the same date: July 23, 2018.[1]

4  **III.   ARGUMENT**

5         In bringing this Motion to Remand, Plaintiffs conflate Article III standing

6  requirements, which have been characterized as a question of subject matter jurisdiction,

7  with original jurisdiction that the federal courts have pursuant to 28 U.S.C. § 1331 to

8  determine federal questions.  Plaintiffs assert that the removal of this action was improper

9  because they lack Article III standing.  However, if Plaintiffs lack Article III standing, it

10  has no bearing on the propriety of the removal in the first instance.  The OCDA and

11  OCSD rightfully removed this case based on the federal questions alleged in the

12  Complaint and they are entitled by the removal statute to have this Court adjudicate the

13  federal questions presented.   Moreover, pursuant to 28 U.S.C. § 1367(a) this Court may

14  exercise supplemental jurisdiction over the state law claims since they arise from the

15  same nucleus of facts as the federal claims.  Plaintiffs could have avoided federal court

16  jurisdiction by pleading state law claims exclusively.  Instead, Plaintiffs chose to allege

17  federal claims in their Complaint, and the OCDA and OCSD proceeded as allowed by

18  law in removing the case.

19         **A.   Removal Was Proper**

20         Since at least 1948, defendants in civil actions have been entitled to remove cases

21  from state courts to federal courts if the federal court has original jurisdiction of claims

22  presented in the complaint.  *See,* 28 U.S.C. § 1441(a).  In the Ninth Circuit, "the presence

23  of at least some claims over which the district court has original jurisdiction is sufficient

24  to allow removal of an entire case, even if others of the claims alleged are beyond the

25  district court's power to decide. *Kruse v. State of Hawaii,* 68 F.3d 331, 334–35 (9th

26

27

28         [1] After both motions were filed and set for hearing, Plaintiffs' counsel requested
that removing parties agree to push the hearing on their motion to dismiss to a date ***after***
the hearing on the motion for remand; this request was declined.

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  Cir.1995); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1002–03 (9th Cir. 2001).  The original

2  jurisdiction of the federal courts is, in turn, defined by 28 U.S.C. §1331 as: "all civil

3  actions arising under the Constitution, laws, or treaties of the United States."  The

4  presence of federal-question jurisdiction is governed by the "well-pleaded complaint

5  rule," which "makes the plaintiff the master of the claim; he or she may avoid federal

6  jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S.

7  386, 392 (1987) (footnotes omitted).  *See also, Duncan v. Stuetzle,* 76 F.3d 1480, 1485

8  (9th Cir. 1996), noting "the plaintiff is 'master' of her case, and if she can maintain her

9  claims on both state and federal grounds, she may ignore the federal question, assert only

10 state claims and defeat removal."

11         The existence of a federal question is determined based on the face of the

12 complaint at the time of removal.  *See, Sparta Surgical Corp. v. NASD*, 159 F.3d 1209,

13 1213 (9th Cir. 1998).  Thus, where original jurisdiction (federal question or diversity) is

14 present on the face of the complaint, the case is removable and the inquiry ends.  *Lee v.*

15 *Am. Nat. Ins. Co.,* 260 F.3d 997, 1008 (9th Cir. 2001) (Kozinski, A., concurring).  "Only

16 at the next step, when we ask whether the case should be remanded, need we address

17 questions of standing and other aspects of "subject matter jurisdiction."[2]  *Id.*  If a case is

18 properly removed based on original jurisdiction, the court's retention of the case is

19 mandatory even if the original basis for jurisdiction is lost or altered, *i.e.,* by amendment

20 to the pleadings or a change to the parties.  *See, Brockman v. Merabank,* 40 F.3d 1013,

21 1016 (9th Cir. 1994).  *See also, Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 977

22 (9th Cir. 2006).

23         Based on the foregoing, removal of this case was proper.  The Complaint is rife

24 with allegations of violation of the U.S. Constitution (*see, e.g.,* Complaint at pp. 16-27),

25 three causes of actions (the first, fourth and seventh) are explicitly based upon 42 U.S.C.

27 [2] This is true because a defendant's ability to remove pursuant to 28 U.S.C. §
28 1441(a) is premised on "original jurisdiction" whereas a party's ability to seek remand
pursuant to 28 U.S.C. § 1447(c) is premised upon a lack of "subject matter jurisdiction,"
two different jurisdictional concepts.

-5-

§ 1983 (Compl. at pp. 31, 33, 35), and the remaining causes of action arise from alleged violations of U.S. Constitutional rights.  Allegations of violations of the U.S. Constitution and causes of action based upon 42 U.S.C. §1983 certainly present federal questions within the original jurisdiction of the district court and are therefore removable under 28 U.S.C. § 1441(a).  *See, Bartakian v. County of Clark*, 354 Fed. Appx. 287 (9th Cir. 2009) (*unpublished*); *Lucero v. Donovan,* 258 F.Supp. 979, 980-981 (C.D. Cal. 1966); *Sheikh v. District of Columbia,* 52 F.Supp.3d 22 (D.D.C. 2014).  Moreover, where a plaintiff asserts a "federal claim (whether or not meritorious), defendant has a right to a federal forum."  *Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F. Supp. 1310, 1312 (N.D. Cal. 1993).  If Plaintiffs' claims in this case are not justiciable by the federal court because Plaintiffs lack Article III standing, the OCDA and OCSD are entitled to have the federal court determine this.  *Barraclough*, at 1312.

Additionally, 28 U.S.C. § 1446, establishes the procedures for removal of civil actions.  There is nothing in that statute that requires a removing party to assess Article III standing or make a statement regarding a plaintiff's Article III standing in the notice of removal.  Rather, the only requirement for removing defendants is that the notice of removal, which initiates the removal, contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The grounds for removal in turn derive from one or more of the removal statutes contained in Chapter 89, Part IV of Title 28 of the United States Code, which in the instant case is original jurisdiction based on the federal questions presented on the face of the complaint.  *See,* 28 U.S.C. §1331.

Not one of the statutes in Chapter 89, Part IV of Title 28 require removing defendants to assess and/or allege that the plaintiffs satisfy Article III standing requirements.  Here, Plaintiffs are trying to impose a burden on removing parties that simply does not exist under the removal statutes.  Removing parties satisfied all of the requirements of 28 U.S.C. § 1446 when the notice of removal was filed.  Removal

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

-6-

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  jurisdiction clearly exists in this case pursuant to 28 U.S.C. § 1441(a) based on the

2  district court's original jurisdiction under 28 U.S.C. § 1331.  Plaintiffs cannot and do not

3  argue that the face of their complaint contains only state law claims.  Because the

4  propriety of removal is determined on the face of the complaint at the time of removal,

5  *Sparta,* 159 F.3d at 1213, the removal of this case was procedurally and substantively

6  correct and should not be disturbed.

7  **B.   Article III Standing is a Question of Justiciability, the Presence or**

8  **Absence of Which Has no Bearing on the Propriety of Removal in the**

9  **First Instance.**

10  Plaintiffs assert that "Defendants cannot establish that Plaintiffs have Article III

11  standing; thus, removal was improper."  (Mot. at pp. 2-3.)  This is simply not so.  As the

12  Ninth Circuit discussed in *Lee v. American National Insurance Co.,* a lack of standing

13  only renders the claims non-justiciable in federal court, it does not alter the basis for the

14  Court's original jurisdiction.  *See, Lee,* 260 F.3d at 1005 (holding that a Plaintiff's lack

15  of Art. III standing in relation to one Defendant in a case removed based on diversity

16  jurisdiction, did not interfere with the Court's diversity jurisdiction in the first instance.)[3]

17  Judge Kozinski, in his concurrence, put it more plainly, writing:

18  Where the district court has "original jurisdiction" pursuant to section

19  1332, the case is removable and our inquiry ends. Only at the next

20  step, when we ask whether the case should be remanded, need we

21  address questions of standing and other aspects of "subject matter

22  jurisdiction."  *Compare* 28 U.S.C. § 1441(a) ("[A]ny civil action

23  brought in a State court of which the district courts of the United

24  States have *original jurisdiction,* may be removed ...." (emphasis

25  added)), *witn id.* § 1447(c) ("If at any time before final judgment it

26

27  ———————————

28  [3] Although the *Lee* Court was considering a case removed based on diversity
jurisdiction, the analysis should not change for federal question jurisdiction, as both
support original jurisdiction.

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

appears that the district court lacks *subject matter jurisdiction,* the

case shall be remanded." (emphasis added)). … Lee's standing-

deficient claims have no bearing on the district court's original

jurisdiction or whether the case was properly removed; there are no

defects in the district court's original jurisdiction.

*Lee,* at 1008.  *See also, Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1223-25 (10th Cir. 2012).  The same analysis applies here.  The Court acquired "original jurisdiction," per 28 U.S.C. §1331, when the case was removed based on the federal question on the face of the Complaint.  Plaintiffs' claim that the Court lacks subject matter jurisdiction, as a basis for remand pursuant to 28 U.S.C. § 1447(c), does not affect the Court's original jurisdiction.

Similarly, in *State of Neb. ex rel. Dept. of Soc. Services v. Bentson*, 146 F.3d 676 (9th Cir. 1998), the Ninth Circuit wrote:

A defendant's power to remove a case to federal court is independent

of the federal court's power to hear it.  These are analytically distinct

inquiries and should not be confused.  Once a case is properly

removed, a district court has the authority to decide whether it has

subject matter jurisdiction over the claims.

*Id.* at 679.

When a plaintiff moves to remand pursuant to 28 U.S.C. § 1447(c), a lack of Article III standing ***may*** present a question of subject matter jurisdiction as Plaintiffs claim in their motion, relying on the case of *Hill v. Vanderbilt Capital Advisors.*  (Mot. at pp. 5, 6).  However, as discussed above, there is no requirement under 28 U.S.C. §1441 for removing defendants to assess a plaintiff's Article III standing prior to removing a case, or to refrain from removal if the plaintiffs may lack Article III standing.  Plaintiffs cite no case where the court held removal was improper from the outset because of a lack of Article III standing.  Instead, in the typical removal case, the propriety of removal is a separate and distinct question from whether the case should be

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  remanded for lack of Article III standing, or more broadly for lack of subject matter

2  jurisdiction.  The Ninth Circuit explicitly drew this distinction in the *Lee* and *Bentson*

3  cases discussed above.  Nonetheless, Plaintiffs, in their motion to remand, ignore the

4  distinction and simply ask this Court to conclude that "removal was improper" (Mot. at

5  5:4).  This Court should not so readily abandon the Ninth Circuit authorities discussed

6  above to conclude that a lack of standing is a basis to determine that removal was

7  improper; the issue is not so simplistic.

8           **1.     The Meaning of "Subject Matter Jurisdiction" as Used in 28**

9                  **U.S.C. § 1447(c) is Not Clear**

10             Plaintiffs are conflating various types of federal jurisdiction.  Certainly, this is an

11  easy mistake to make.  As the Supreme Court has noted, the word "jurisdiction" has

12  "been used by courts … to convey many, too many, meanings."  *Union Pac. R.R. v. Bhd.*

13  *Of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region,* 558 U.S.

14  67, 82 (2009).  In the same case, the Supreme Court counseled that it has warned against

15  "profligate use of the term" jurisdiction, and went on to define "subject matter

16  jurisdiction" when "properly comprehended" to refer "to a tribunal's 'power to hear a

17  case…'"  *Id.*  A similar definition of subject matter jurisdiction was provided by the

18  district court in *United Fabrics International, Inc. v. C&J Wear, Inc.,* 2009 WL

19  10655841 at p. 2 (C.D. Cal. 2009) (emphasis in original):

20                  "'While standing … addresses the question whether a federal court

21                  may grant relief to a party in the <u>plaintiff's</u> position, subject matter

22                  jurisdiction addresses the question whether a federal court may grant

23                  relief to <u>any</u> plaintiff given the claim asserted.'"  [*HyperQuest, Inc. v.*

24                  *N'Site Solutions, Inc.,* 559 F.Supp.2d 918, 920 (N.D. Ill. 2008)

25                  (citation omitted)] (quoting *Rent Stabilization Ass'n v. Dinkins*, 5 F.3d

26                  591, 594 n.2 (2d Cir. 1993)).

27  Simply stated, standing pertains to the plaintiff whereas subject matter jurisdiction

28  pertains to the claims and issues presented in the case.

-9-

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    The above definitions of the term "subject matter jurisdiction," the lack of which

2    may be a basis to remand a removed action pursuant to 28 U.S.C. § 1447(c), support the

3    conclusion that Article III standing is ***not*** an issue of subject matter jurisdiction, at least

4    not in relation to how that term is used in 28 U.S.C. § 1447(c).  Rather, based on the

5    above definitions, subject matter jurisdiction, in relation to removal and remand, should

6    be read to refer only to whether the district court has original jurisdiction over the case

7    as defined at 28 U.S.C. § 1331, *et seq.*, i.e., jurisdiction over the "subject matter" of the

8    issues presented.  Here, removing parties' position is that a lack of Article III standing,

9    while certainly always an issue that is subject to review by a district court, does not fit so

10   cleanly within the definition of "subject matter jurisdiction," as that term is used in 28

11   U.S.C. § 1447(c), and as such does not require this Court to remand.  Removing parties

12   recognize that the cases cited above and the cases relied upon by Plaintiffs in their

13   Motion in regards to whether Article III standing presents a question of subject matter

14   jurisdiction upon which a remand order may be based are seemingly in conflict.

15   However, given the weight of authority cited herein; the definitions of subject matter

16   jurisdiction provided by the U.S. Supreme Court and the Ninth Circuit, wherein a

17   distinction is made between Article III standing and subject matter jurisdiction; and

18   defendants' rights to have a federal court consider and decide federal claims alleged

19   against them, this Court should adopt the narrower definition of subject matter

20   jurisdiction, which does not include Article III standing (at least in relation to a motion

21   to remand), and deny the motion.

22       Thus, a case may be properly removed under 28 U.S.C § 1441 when the court has

23   "original jurisdiction" over the question presented (either federal question or diversity),

24   which based on the above definitions is a question of subject matter jurisdiction, i.e.,

25   "whether a federal court may grant relief to <u>any</u> plaintiff given the claim asserted."

26   *United Fabrics,* 2009 WL 10655841 at p. 2 (emphasis in original).  After a case is

27   properly removed, Article III standing i.e., whether "a federal court may grant relief to a

28   party in the <u>plaintiff's</u> position," *Id.,* (emphasis in original), is subject to evaluation.  If

-10-

the Court determines a lack of Article III standing, then 28 U.S.C. § 1447(c) gives the court the *discretion* to remand; it does not invalidate the removal in the first instance.

### 2. This Court Should Exercise Its Discretion to Decline Remand

Even if this Court applies the broader definition of subject matter jurisdiction, which includes Article III standing as Plaintiffs suggest, the Court still has the *discretion* to remand—it is not compelled to do so. Moreover, the Court may also determine to remand only the state law claims and adjudicate the federal claims either based on Plaintiffs' lack of standing and/or pursuant to the pending FRCP 12(b)(6) motion filed by the OCDA and OCSD. Although section 1447(c) indicates that in the absence of subject matter jurisdiction the "case shall be remanded," the Supreme Court has noted that for purposes of interpreting 28 U.S.C. § 1447(c), the word "case" can be interpreted to mean "claims" rather than the entire case. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998). Where, as in this case, the Court has original jurisdiction based on federal-question claims, there are no "doubt[s] as to the right of removal in the first instance." *Id.* "[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Id.* at 386. Once original jurisdiction attaches, the district court is all but required to rule on the federal questions presented, even if the ruling is that the Plaintiffs lack Article III standing, and therefore the federal claims are subject to dismissal, not remand. *Williams,* 471 F.3d at 977.

Remanding the federally-based claims would improperly divest this Court of its original jurisdiction, a result that has no support in law. Moreover, as removing parties argue below, this Court should exercise its discretionary authority and adjudicate the state law claims, even if the federal claims are dismissed, based on the Court's supplemental jurisdiction.

//

//

//

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

-11-

### C.     The Court is Not Required to Remand Federal Questions to the State Court

As discussed above, the Court's original jurisdiction attached when the case was properly removed to the district court based on the federal claims alleged on the face of the Complaint.

> [O]nce the Court has original jurisdiction over a claim, there is no statutory authorization to remand such federal law claim to the state court. *In re City of Mobile*, 75 F.3d 605, 609 (11th Cir.1996); *see also Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir.1998) (district court may not remand a § 1983 claim because state court has a concurrent jurisdiction over it).

*Mincy v. Staff Leasing, L.P.*, 100 F. Supp. 2d 1050, 1053 (D. Ariz. 2000).

The authorities upon which Plaintiffs rely to support their claim that remand is required of the entire case (including the federal claims) are all distinguishable—none of them consider a scenario sufficiently similar to the current case which should persuade this Court to remand the entire case.  Rather, in each of these cases, the basis for removal was something other than original jurisdiction under 28 U.S.C. § 1331(a).

For example, in *ARCO Entl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.,* 213 F.3d 1108, 1113 (9th Cir. 2000) (Mot. at p. 5), removal was improper, in the first instance, because no federal question was presented on the face of the complaint; therefore the district court was required to remand.  There was no Article III standing issue considered by the court.   In *Int'l Primate Prot. League v. Admins. Of Tulane Educ. Fund*, 500 U.S. 72 (1991) (Mot. at p. 5), not only was the basis for removal  28 U.S.C. § 1442(a)(1), which allows a federal officer named as a defendant to remove a case, but removal was deemed improper because at the time,[4] the statute did not contemplate that a

---

[4] The statute was amended to allow a federal officer or agency to remove.  *See, City of Cookeville, Tenn. V. Upper Cumberland Elec. Membership Corp.,* 484 F.3d 380, 390 (6th Cir. 2007).

-12-

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

federal agency could remove a case.  Because a federal agency (NIH), not a federal officer, was named as the defendant, the removal was improper from inception and the court did not attain any original jurisdiction over the case.  *Id.* at 75, 87.  Article III standing was not at issue.

Similarly, in *Hill v. Vanderbilt Capital Advisors, LLC,* 702 F.3d 1220 (2012), federal questions were only added to the case by amending the complaint **after** removal, and the court could not consider the post-removal addition of federal questions to retain jurisdiction where standing was lacking.  *Id.* at 1225-26.  While the remand was premised upon the plaintiff's lack of Article III standing, at the time of removal there were no federal questions presented, so this was not a case where the court had original jurisdiction pursuant to 28 U.S.C. 1331.  If the case had been removed pursuant to federal question jurisdiction, it is unknown whether the result would have been different.[5]  Likewise, in *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1194 (9th Cir. 2016), the complaint presented only state law claims but was removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453.  Once the court determined that Plaintiff lacked Article III standing, the case was remanded.  No federal questions were remanded to the state court for determination as the complaint presented none.

Finally, the cases of *ASARCO Inc. v. Kadish*, 490 U.S. 605, and *Cal. DUI Lawyers Ass'n v. Cal. Dep't of Motor Vehicles,* 20 Cal.App.5th 1247 are not removal cases so they are entirely inapposite on whether the removal in this case was proper or whether a lack of Article III standing compels remand of the entire case.

_____

[5] It is questionable whether *Hill* would have been remanded in the Ninth Circuit. While the *Hill* Court concluded it could not consider the federal claims that were added to the complaint after the removal as a basis to retain jurisdiction, the Ninth Circuit held the opposite in *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir. 1994).  In *Brockman,* the Ninth Circuit considered whether the dismissal of the removing party, required remand of the case.  The *Brockman* Court answered this question in the negative and held it was improper for the district court to *sua sponte* remand the action to state court because there was still a defendant in the case who satisfied diversity jurisdiction, even if the remaining defendant was not the removing defendant.  *Id.* at 1016.

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Therefore, none of these cases cited by Plaintiffs bind this court to remand the federal questions to the state courts.  For this and for all of the other reasons discussed herein, this Court should deny Plaintiffs' motion to remand.

### D.    This Court Should Refuse to Divest Itself of Original Jurisdiction Over Federal Claims

In a nutshell, Plaintiffs argue that they know they lack Article III standing, and that is why they filed in state court where there are more liberal standing requirements. This position is an affront to removal jurisdiction and the case law interpreting 28 U.S.C. § 1441, which in essence requires a plaintiff who wants to avoid federal court jurisdiction to plead exclusively state law claims.  (See discussion *supra* at pp. 5-6.) Because, as discussed above, the Court acquired original jurisdiction over the case when removal occurred, it can and should, at a minimum, exercise its jurisdiction over the federal questions presented, even if the result is dismissal for lack of Article III standing. Plaintiffs' expressed position that the Court should remand the federal questions to state court because the standing laws in California are more favorable and less restrictive has been dismissed by at least one court in this circuit.

In *Advocates for Individuals with Disabilities Foundation Inc. v. Russell Enterprises Inc.*, 2016 WL 7187931 at p. 3 (D.Ariz. 2016), although the court remanded the state law claims, it refused to remand the federal claims.  The *Advocates* Court found that to remand rather than dismiss the federal claims would divest the district court of its original jurisdiction granted by Congress, writing:

> Plaintiff argues that the Court should remand both the state and
> federal claims because "[s]tate [c]ourts have concurrent jurisdiction to
> hear the claims." [Citation omitted.]  While the Court does not dispute
> the state court's concurrent jurisdiction, Plaintiff is actually arguing
> that a state's more-lenient standing requirements can divest a federal
> court of its 28 U.S.C. § 1331 federal question jurisdiction, which
> Defendant invoked by removing this case to federal court. Plaintiff

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

does not address, and the Court finds no authority, that such divestment is possible.  *See, e.g., Daimler Chrysler Corp. v. Cuno,* 547 U.S. 332, 339, 354 (2006) (ordering the district court to dismiss— not remand to state court—an action originally filed in state court because the plaintiffs lacked Article III standing and despite plaintiffs filing motions to remand the case to state court); *Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex.,* 418 S.W.3d 263, 280 (Tex. App. 2013) (Christopher, J., concurring) ("[I]f [the plaintiff] had sued [the defendant] in federal court for violating federal law, it would have had no Article III standing—whether based on state or municipal taxpayer status—to do so.  Why then should [the plaintiff] have standing to bring the same claim in state court?"); Paul J. Katz, *Standing in Good Stead: State Courts, Federal Standing Doctrine, and Reverse-Erie Analysis,* 99 Nw. U. L. Rev. 1315, 1352 (2005) ("Federal courts have constitutional jurisdiction of cases `arising under' the laws of the United States. Article III jurisdiction is only a ceiling for federal subject matter jurisdiction, but Congress in 1866 copied this `arising under' language in 28 U.S.C. § 1331 to grant federal courts general subject matter jurisdiction . . . . [I]t seems unreasonable that the Constitution would allow Congress to use state courts to enforce statutory directives where federal courts cannot."); *see also generally* William A. Fletcher, *The "Case or Controversy" Requirement in State Court Adjudication of Federal Questions,* 78 Calif. L. Rev. 263 (1990).

*Id.*

This Court should follow its brethren from Arizona and refuse to divest itself of the original jurisdiction over federal questions granted by Congress.  Doing so is the only way to avoid inconsistent results from one state to the next in relation to causes of

-15-

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    action arising under federal law.  It is simply bad policy that a litigant in one state could

2    qualify for adjudication of a cause of action created by Congress because of more liberal

3    standing requirements while a litigant in another state would not have a claim for relief

4    in state court or qualify for relief in federal court.  This type of inconsistent application

5    of a federally-created right is one of the reasons 28 U.S.C. § 1441 was adopted, and

6    allows defendants the right to have a federal court adjudicate federal questions where

7    plaintiffs invoke federal law as a basis for their case. *Barraclough,* 818 F.Supp. at 1312.

### E.    This Court Should Exercise Supplemental Jurisdiction and Decide the State Law Claims

10   Contrary to Plaintiffs' assertion that the entire case must be remanded because of

11   the lack of subject matter jurisdiction, for the reasons discussed above, this Court should

12   refuse to remand the federal claims and instead dismiss them if the Court determines

13   Plaintiffs lack Article III standing, as they assert.  The Court should also retain

14   jurisdiction over the state law claims.  Removing parties concede that after all federal

15   claims are dismissed, which is the proper result here, the Court ***may*** remand the

16   remaining state law claims to the state court but the Court is not compelled to do so.  *See,*

17   *e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351-52 (1988); *Foster v. Wilson*,

18   504 F.3d 1046, 1050-52 (9th Cir.2007) (affirming dismissal of federal claims); *Lee v.*

19   *City of Beaumont*, 12 F.3d 933, 935, 937 (9th Cir. 1993) (*overruled on other*

20   *grounds*)(removal was proper pursuant to 28 U.S.C. § 1441 due to 42 U.S.C. § 1983

21   claims in the complaint, court's remand of state law claims following dismissal of federal

22   question claims was proper exercise of discretion).  However, once the federal court

23   attains removal jurisdiction over a case (as it has here), remand is a question of

24   discretion.  *See, Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 715 (9th

25   Cir. 1990); *Gonzales v. City of Mesa*, 779 F.Supp. 1050, 1052 (D.Ariz. 1991).

26   A district court's authority to exercise supplemental jurisdiction derives from 28

27   U.S.C. § 1367(a) and extends to claims in the complaint arising "from a common nucleus

28   of operative fact[s]."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  When a

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  district court exercises its discretion in regards to supplemental jurisdiction, it "should

2  consider and weigh … the values of judicial economy, convenience, fairness, and

3  comity." *Chicago v. International Coll. Of Surgeons,* 522 U.S. 156, 173 (1997), quoting

4  *Carnegie- Mellon,* 484 U.S. at 350.

5       In this case, it is difficult to separate the federal and state law claims.  This is true

6  because all of the claims arise from the same alleged, illegal "informant program" at the

7  Orange County jails and the corresponding allegations of violations of the 5th, 6th and

8  14th Amendments of the U.S. Constitution.  Though only three of Plaintiffs' enumerated

9  causes of action seek relief created by Congress, the other causes of action are entirely

10  dependent on determinations of federal questions – namely whether there has been an

11  actionable violation of the 5th, 6th, and 14th Amendments.  Plaintiffs' Complaint is a

12  house of cards—if they cannot prove a violation of the U.S. Constitution, their other

13  claims necessarily fall.  This is so because, in the absence of a violation of the 5th, 6th,

14  and/or 14th Amendments, Plaintiffs do not have a cause of action for violation of the

15  California Constitution as the provisions they rely on under the California Constitution

16  are the same as the U.S. Constitution.  Similarly, to the extent there is no *Brady* violation,

17  there is arguably no violation of Penal Code section 1054 and thus their claim premised

18  on that statute fails.  Their "government waste" cause of action is also inextricably

19  intertwined and premised upon a finding that the OCDA and OCSD have violated

20  prisoner's 5th, 6th and 14th Amendment rights.  If there are no such violations, then there

21  is no illegal expenditure upon which the cause of action can survive.  Plaintiffs have pled

22  a complaint that is premised entirely on federal rights, even if they have presented some

23  of their claims as based on state law.  Reviewing the Complaint with scrutiny, this Court

24  should retain jurisdiction over those claims that require adjudication of a federal question

25  even if they might carry a "state law" title.

26       If this Court can extricate the state law claims from the federal claims, then, at

27  most, this Court should remand only those claims that truly rely on state law and which

28  do not require adjudication of a federal question in order to prevail.

### F.    Concurrent Jurisdiction Does Not Render Removal Improper

Plaintiffs also assert that because federal and state courts have concurrent jurisdiction over claims alleging violations of the federal law, removal was improper. (Mot. at pp. 5-6.)  Plaintiffs further argue that because of concurrent jurisdiction the Court should remand not only state law claims, but also the federal claims.  As is discussed above, it is difficult to extricate the state law claims from the federal claims in light of the significant federal rights that form the bases for all of Plaintiffs' claims. Nonetheless, concurrent jurisdiction is not a bar to removal, nor does it entitle Plaintiffs to remand of the properly removed federal claims.

Pursuant to 28 U.S.C. § 1441(a), "except where otherwise expressly provided by statute, "any" civil action of which the federal district courts have original jurisdiction may be removed." *See, Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988), *citing, e.g., Beckman v. Graves,* 360 F.2d 148 (10th Cir.1966); *Mercy McConnell v. Marine Engineers Beneficial Association,* 526 F.Supp. 770, 771-72 (N.D.Cal.1981). "Section 1983 actions are not included among the nonremovable actions listed in 28 U.S.C. § 1445, and no other statute provides, expressly or otherwise, that § 1983 actions are nonremovable." *Dorsey*, 858 F.2d at 341.  "The weight of judicial authority supports the conclusion that "'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.'" *Id., citing, e.g.,* Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3729, at 495 (1985).

Plaintiffs' argument in this case is the same as was made by the California Republican Party, and rejected by the court, in *California Republican Party v. Mercier*, 652 F. Supp. 928 (C.D. Cal. 1986).  In *Mercier,* the California Republican Party ("the Party") argued "that since the federal civil rights statutes have been interpreted to create concurrent jurisdiction in both the federal and state courts, its choice of forum should not be disturbed." *Id.*  The *Mercier* Court summarized the argument as follows: "since Congress created concurrent jurisdiction, not exclusive jurisdiction, it must have meant for plaintiffs to be able to choose either forum." *Id.*  Although the *Mercier* Court noted

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

that the position had found "scattered support," the Court concluded "the overwhelming majority of cases have held that federal civil rights claims *are* removable." *Id.*, *citing, e.g.*, *Langford v. Gates,* 610 F.Supp. 120, 122 (C.D. Cal. 1985); *Cook v. Robinson,* 612 F.Supp. 187, 188–89 (E.D.Va. 1985); *Baldi v. City of Philadelphia,* 609 F.Supp. 162, 168 (E.D.Pa. 1985); *Sweeney v. Abramovitz,* 449 F.Supp. 213, 214–16 (D.Conn.1978).

Following Plaintiffs' position to its logical conclusion, removal would be precluded for any federal claim where Congress grants concurrent jurisdiction and would nullify the removal statutes. *Mercier*, 652 F.Supp. at 933. "Though it may be that such an extreme position has never been directly argued to it, the Ninth Circuit has at least impliedly rejected this argument in the many instances in which it has accepted jurisdiction in cases which had been removed pursuant to statutes conferring concurrent jurisdiction on the federal courts." *Id.*, *citing, e.g., Lafferty v. Solar Turbines Int'l.,* 666 F.2d 408 (9th Cir.1982) (ERISA). The *Mercier* Court rejected plaintiff's argument that concurrent jurisdiction was a bar against removal, *Mercier*, at 933, as this Court should reject Plaintiffs' argument here.

Based on the foregoing authorities, it is clear that Plaintiffs' assertion that the federal claims must be remanded due to the state court's concurrent jurisdiction has been soundly rejected by multiple courts. It is a position that simply does not withstand scrutiny. As discussed at length above, the removal in this case was proper pursuant to the plain language of 28 U.S.C. § 1441 and complied with procedural requirements of 28 U.S.C. § 1446; Plaintiffs cannot avoid federal court jurisdiction when they have pled claims arising under the federal laws. This Court should deny Plaintiffs' motion for remand on this basis.

### G.   Plaintiffs Are Not Entitled to an Award of Attorneys' Fees

Plaintiffs correctly state that attorneys' fees may be awarded pursuant to 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *See,* Mot. at 7:21-24; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Indeed, awarding attorneys' fees under 28 U.S.C. § 1447(c) is a question of

-19-

1  discretion that should be based upon the circumstances and legal issues present in any

2  given case.  *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir.

3  1992); *Schrader v. Hamilton*, 959 F. Supp. 1205, 1212 (C.D. Cal. 1997).  Courts have

4  declined to assess fees or costs where a defendant acted in good faith in seeking removal,

5  and even where a defendant's bases for removal were nothing more than "colorable."

6  *See*, *Schmitt v. Ins. Co. of North America*, 845 F.2d 1546, 1552 (9th Cir. 1998); *Coman v.*

7  *International Playtex, Inc.,* 713 F. Supp. 1324, 1329 (N.D. Cal 1989); *Beisel v. Aid Ass'n*

8  *for Lutherans,* 843 F. Supp. 616, 619 (C.D. Cal. 1994).

9          Given the issues and circumstances in this case, an award of attorneys' fees is not

10  warranted.  The OCDA and OCSD had far more than an "objectively reasonable" basis

11  for seeking removal.  The removal was proper under 28 U.S.C. § 1441 because Plaintiffs

12  chose to plead federal claims in their Complaint, which makes the case subject to this

13  Court's original jurisdiction pursuant to 28 U.S.C. § 1331.  Moreover, the procedure for

14  removal, as dictated by 28 U.S.C. § 1446, was followed by the removing parties.

15  Plaintiffs' entire theory of their entitlement to fees is based upon their position that

16  removal is improper in the absence of Article III standing.  However, as discussed *supra,*

17  there is nothing in 28 U.S.C. §§ 1441 and 1446 that requires a removing defendant to

18  assess a plaintiff's Article III standing and/or make any statement in that regard as a basis

19  for removal in the notice of removal.  Quite simply, Plaintiffs are seeking to impose on

20  the OCDA and OCSD a requirement in relation to removal that does not exist and seek

21  fees based thereon.  The OCDA's and OCSD's admitted failure to assess Plaintiffs'

22  Article III standing has no bearing on the question of whether the removal was

23  "objectively reasonable" when, in light of the significant line of authorities cited above

24  (*see* discussion above at 4:24-12:14), the removal was entirely proper.

25          Moreover, as the Ninth Circuit has explained, Article III standing is a question of

26  justiciability, which may be considered ***after*** a case is removed as a basis for remand as

27  allowed by 28 U.S.C. § 1447(c).  *See* discussion of *Lee* and *Bentson*, *supra*, at pp. 8-9.

28  This makes sense inasmuch as the title of the 28 U.S.C. § 1447(c), is "Procedures after

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

removal generally."  Assuming arguendo that Article III standing is a basis for remand for lack of subject matter jurisdiction as provided by 28 U.S.C. § 1447(c), the issue clearly only arises *after* removal.  Accordingly, the fact that OCDA and OCSD did not analyze Plaintiffs' Article III standing prior to removal is not a basis for awarding attorneys' fees nor does it render the removal improper.

Further, as the Ninth Circuit held in *Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 490 (9th Cir. 1995), "section 1447(c) does not authorize an award of costs or fees when the initial removal was proper." As the *Baddie* court wrote:

> A plaintiff is entitled to file both state and federal causes of action in state court.  The defendant is entitled to remove.
>
> ***
>
> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court.  The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum.  If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum.

*Id*. at 490, 491.  The above discussion applies equally to the instant case.  Because Plaintiffs filed federal claims in state court, the OCDA and OCSD were entitled to remove the action.  By filing the removal, the OCDA and OCSD effectively declined Plaintiffs' choice of forum, and removed the case in compliance with 28 U.S.C. §§ 1441 and 1446.  This is not action that is subject to an award of attorneys' fees.

Even where remand is granted, attorneys' fees are often denied.  *See e.g., Boxer v. Accuray, Inc*., 906 F. Supp. 2d 1012, 1017 (N.D. Cal. 2012) (denying fees and costs and holding that defendants' ultimate failure to carry their burden of establishing removal jurisdiction based on §1331 did not render the removal objectively unreasonable); *Schrader v. Hamilton*, 959 F. Supp. 1205, 1212 (C.D. Cal. 1997) (concluding that the

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

-21-

1  plaintiff was not "entitled" to recover fees because the defendants' arguments for federal

2  court jurisdiction "were far from frivolous").

3        In contrast to the above cases where courts denied an award of fees, the cases

4  where courts have granted such requests are readily distinguishable from the present case,

5  and clearly illustrate the degree of objective ***un***reasonableness that the party seeking

6  remand must establish for the purposes of such an award.  For example, in *K.V. Mart Co.*

7  *v. United Food and Commercial Workers International Union*, 173 F.3d 1221 (9th Cir.

8  1999), the Ninth Circuit affirmed an attorneys' fees award after defendants removed each

9  suit ***three separate times***, despite the district court's previous rejection of  the removing

10  defendant's theory of subject matter jurisdiction from the outset.  *Id*. at 1223.  Likewise,

11  in *Moore,* 981 F.2d at 447, the Ninth Circuit upheld an attorneys' fees award when

12  defendants only removed to federal court ***after*** the state court denied defendants' motion

13  to dismiss.  The court in that case held that "the right to remove is waived by action

14  which indicate an intent to proceed in state court, and that defendants may not

15  'experiment' in state court and remove upon receiving an adverse decision." *Id.* Finally,

16  in *Barraclough*, 818 F. Supp. at 1313, the court denied a remand motion and awarded

17  fees to a defendant where a plaintiff manipulated the defendant into removal and then

18  filed a remand motion.

19        The present case is nothing like the cases where courts have awarded attorneys'

20  fees.  In contrast, this case is directly aligned with those where courts have denied fees,

21  i.e., where the removing party had valid grounds for removal.  Plaintiffs are not entitled

22  to recover costs or fees where removing parties have demonstrated a clear and objectively

23  reasonable basis for seeking removal as discussed above.

24  //

25  //

26  //

27  //

28  //

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

-22-

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

## III.   <u>CONCLUSION</u>

Based on the foregoing arguments and authorities this Court should deny Plaintiffs' Motion to Remand and deny their request for attorneys' fees.

DATED: July 2, 2018                    Respectfully submitted,

LEON J. PAGE, COUNTY COUNSEL
WENDY J. PHILLIPS, SENIOR DEPUTY
D. KEVIN DUNN, SENIOR DEPUTY
REBECCA S. LEEDS, SENIOR DEPUTY
CAROLYN M. KHOUZAM, DEPUTY


By_____/s/_____
    Wendy J. Phillips, Senior Deputy

Attorneys for Defendants/Respondents,
ANTHONY J. RACKAUCKAS and SANDRA
HUTCHENS

OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

**CERTIFICATE OF SERVICE**

I declare that I am a citizen of the United States employed in the County of Orange, over 18 years old and that my business address is 333 W. Santa Ana Blvd., Suite 407, Santa Ana, California 92701, and my email address is marzette.lair@ coco.ocgov.com.  I am not a party to the within action.

I certify that I caused the foregoing **OPPOSITION BY DEFENDANTS/ RESPONDENTS TO MOTION TO REMAND** to be served on July 2, 2018, upon all counsel of record listed below by electronic filing utilizing the USDC's CM/ECF:

Attorneys for Plaintiffs, People for the Ethical Operation of Prosecutors and Law Enforcement (P.E.O.P.L.E.); Bethany Webb; Theresa Smith; and, Tina Jackson:

| | |
|---|---|
| Brendan M Hamme, Esq.<br>BHamme@aclu-sc.org<br>ACLU of Southern California<br>1851 East First Street Suite 450<br>Santa Ana, CA 92705<br>714-450-3963<br>714-543-5240 (fax) | Jacob S Kreilkamp, Esq.<br>jacob.kreilkamp@mto.com<br>Munger Tolles and Olson LLP<br>350 South Grand Avenue 50th Floor<br>Los Angeles, CA 90071<br>213-683-9100<br>213-687-3702 (fax) |
| Peter J Eliasberg, Esq.<br>peliasberg@aclusocal.org<br>ACLU of Southern California<br>1851 East 1st Street Suite 450<br>Santa Ana, CA 92705<br>714-450-3963<br>714-543-5240 (fax) | John L Schwab, Esq.<br>john.schwab@mto.com<br>Munger Tolles and Olson LLP<br>355 South Grand Avenue 35th Floor<br>Los Angeles, CA 90071<br>213-683-9100<br>213-687-3702 (fax) |
| Somil B Trivedi, Esq.<br>strivedi@aclu.org<br>American Civil Liberties Union Foundation<br>915 15th Street NW<br>Washington, DC 20005<br>202-715-0802 | Mariana L. Kovel, Esq.<br>mkovel@aclu.org<br>American Civil Liberties Union Foundation<br>125 Broad St., 18th Floor<br>New York, NY 10004 |

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed in Santa Ana, California this 2nd day of July, 2018.

/s/
Marzette L. Lair