1  LEON J. PAGE, COUNTY COUNSEL (CA SBN 208587)
   leon.page@coco.ocgov.com
2  WENDY J. PHILLIPS, SENIOR DEPUTY (CA SBN 178452)
   wendy.phillips@coco.ocgov.com
3  D. KEVIN DUNN, SENIOR DEPUTY (CA SBN 194604)
   kevin.dunn@coco.ocgov.com
4  REBECCA S. LEEDS, SENIOR DEPUTY (CA SBN 221930)
   rebecca.leeds@coco.ocgov.com
5  CAROLYN M. KHOUZAM, DEPUTY (CA SBN 272166)
   carolyn.khouzam@coco.ocgov.com
6  333 W. Santa Ana Boulevard, Suite 407
   Santa Ana, California  92701
7  Telephone: (714) 834-3300
   Facsimile: (714) 834-2359
8
9  Attorneys for Defendants/Respondents,
   ANTHONY J. RACKAUCKAS and SANDRA HUTCHENS
10
11 ***Exempt From Filing Fees Pursuant to Gov't Code § 6103***

12 **UNITED STATED DISTRICT COURT**

13 **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

OFFICES OF THE COUNTY COUNSEL
COUNTY OF ORANGE

| | |
|---|---|
| 14  PEOPLE FOR THE ETHICAL OPERATION OF PROSECUTORS AND | )  Case No. 8:18-cv-00805-CJC-JDEX |
| 15  LAW ENFORCEMENT (P.E.O.P.L.E.); BETHANY WEBB; THERESA SMITH; | )  **MEMORANDUM OF POINTS AND** |
| 16  and, TINA JACKSON, | )  **AUTHORITIES BY DEFENDANTS IN REPLY TO PLAINTIFFS'** |
| 17                     Plaintiffs/Petitioners, | )  **OPPOSITION TO MOTION TO DISMISS** |
| 18      vs. | ) |
| 19  ANTHONY J. RACKAUCKAS, in his official capacity as Orange County District | ) |
| 20  Attorney; and, SANDRA HUTCHENS, in her official capacity as Orange County | ) |
| 21  Sheriff, | )  DATE:  July 23, 2018 |
| 22                     Defendants/Respondents. | )  TIME:  1:30 P.M.  DEPT.: 9B |
| 23 | |

24      Defendants, Anthony J. Rackauckas, in his official capacity as Orange County

25 District Attorney ("OCDA"), and Sandra Hutchens, in her official capacity as Orange

26 County Sheriff ("OCSD"), by and through their attorneys of record, hereby respectfully

27 submit this Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to

28 Defendants' Motion to Dismiss.

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ......................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

    I.       INTRODUCTION AND SUMMARY OF ARGUMENT ......... 1

    II.      ARGUMENT .............................................................. 2

  A.    If the Plaintiffs Lack Article III Standing, the Proper Result is Dismissal of the Federal Claims and Adjudication of the State Law Claims Based on the Court's Supplemental Jurisdiction ..... 2

  B.    Plaintiffs Have Failed to Allege a Claim Upon Which Relief Can be Granted, and Nothing in Their Opposition Saves the Complaint From Dismissal ........................................................... 5

        1.    Plaintiffs Do Not and Cannot Claim the Injury Element Necessary to State a Claim Under 42 U.S.C. § 1983. ................ 5

        2.    Nothing in Plaintiffs' Opposition Contradicts the Bases for Granting the Motion to Dismiss the State Constitutional Claims ...................................................................... 9

        3.    Plaintiffs Cite No Authorities and Make No Arguments That Render Their Ninth Cause of Action Viable in the Face of This Motion to Dismiss ................................. 10

            a.    California Code of Civil Procedure 526a Does Not Entitle Plaintiffs to Injunctive or Declaratory Relief in the Absence of the Required Allegations to Support Those Types of Relief ...................... 12

        4.    Plaintiffs Have Failed to Defend Their Claims for Writ Relief ........................................................ 13

            a.    California Civil Code Section 3369 Bars Plaintiffs' Actions for Mandamus in Their Entirety ................ 14

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

i

Page No.

b.   Writ Relief Does Not Lie to Compel the Exercise of
Prosecutorial Discretion .................................................15

c.   Plaintiffs Lack Public Interest Standing .........................17

d.   Plaintiffs Cannot Allege a Clear and
Present Duty....................................................................18

e.   Plaintiffs Cannot Allege an Inadequate
Remedy at Law ...............................................................18

IV.   CONCLUSION..............................................................................19

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

*Acri v. Varian Associates Inc.*
      114 F.3d 999 (9th Cir. 1997) ........................................................... 3 fns. 3-4

*Acri v. Varian Associates, Inc.*
      121 F.3d 714 (9th Cir. 1997) ........................................................... 3 fns. 3-4

*AFMS LLC v. United Parcel Service Co.*
      105 F.Supp.3d 1061 (C.D. Cal. 2015) ........................................................... 19

*Baker v. McCollan*
      443 U.S. 137 (1979) ........................................................................................ 6

*Bell Atlantic Corp. v.Twombly*
      550 U.S. 544 (2007) ...................................................................................... 11

*Cantrell v. City of Long Beach*
      241 F.3d 674 (9th Cir. 2001) ....................................................................... 13

*Carnegie-Mellon Univ. v. Cohill*
      484 U.S. 343 (1988) .................................................................... 3 fn. 2

*City of Los Angeles v. Lyons*
      461 U.S. 95 (1983) ...................................................................................... 12

*Cooper v. Ramos*
      704 F.3d 772 (9th Cir. 2012) ......................................................................... 8

*In re Cypress Semiconductor Securities Litigation*
      891 F.Supp. 1369 (N.D. Cal. 1995) ............................................................. 19

*Davidson v. Kimberly-Clark Corp.*
      889 F.3d 956 (9th Cir. 2018) ..................................................................... 4, 5

*Foster v. Wilson*
      504 F.3d 1046 (9th Cir.2007) ......................................................... 3 fn. 2

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

iii

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

| | Page No. |
|---|---|
| *Friends of Roeding Park v. City of Fresno*<br>848 F.Supp.2d 1152 (E.D. Cal. 2012) | 10, 11 |
| *Gomez v. Toledo*<br>446 U.S. 635 (1980) | 6 |
| *Gonzales v. City of Mesa*<br>779 F.Supp. 1050 (D.Ariz. 1991) | 3 |
| *Guerrero v. Gates*<br>442 F.3d 697 (9th Cir. 2006) | 8 |
| *Heck v. Humphrey*<br>512 U.S. 477 (1994) | 8 |
| *Henderson v. Gruma Corp.*<br>2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011) | 4 |
| *Jones v. Comm. Redevelopment Agency*<br>733 F.2d 646 (9thCir. 1984) | 11 |
| *Kearns v. Ford Motor Co.*<br>567 F.3d 1120 (9th Cir. 2009) | 12 |
| *Kowalski v. Tesmer*<br>543 U.S. 125 (2004) | 6 |
| *Lee v. City of Beaumont*<br>12 F.3d 933 (9th Cir. 1993) | 3 fn. 2 |
| *Machlan v. Procter & Gamble Co.*<br>77 F.Supp.3d 954 (2015) | 4 |
| *MAI Sys. Corp. v. UIPS*<br>856 F.Supp.538 (N.D. Cal. 1994) | 11, 13 |
| *Maya v. Centex Corp.*<br>658 F.3d 1060 (9th Cir. 2011) | 5 |
| *Monroe v. Pape*<br>365 U.S. 167 (1961) | 6 |

TABLE OF AUTHORITIES

**Page No.**

*Nishimoto v. Federman-Bachrach & Associates*
 903 F.2d 709 (9th Cir. 1990) ...........................................................3

*Powers v. Ohio*
 499 U.S. 400 (1991)...........................................................................6

*Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*
 2017 WL 451711 at *8 (N.D. Cal. 2017) .........................................7

*United Mine Workers v. Gibbs*
 383 U.S. 715 (1966)................................................................ 3 fns. 3-4

**CALIFORNIA CASES**

*Blair v. Pitchess*
 5 Cal.3d 258 (1971) ...........................................................................7

*Bradley v. Lacy*
 53 Cal.App.4th 883 (1997) ...............................................15, 16, 17

*Cal. DUI Lawyers Ass'n v. Cal. Dep't of Motor Vehicles*
 20 Cal.App.4th 1247 ..........................................................................7

*Coshow v. City of Escondido*
 132 Cal.App.4th 687 (2005) .......................................................10, 11

*Dix v. Superior Court*
 53 Cal.3d 442 (1991) ......................................................14, 15, 16

*Doe v. Albany Unified School District*
 190 Cal.App.4th 668 (2010) ............................................................17

*Green v. Obledo*
 29 Cal.3d 126 (1981) .......................................................................18

*Leider v. Lewis*
 2 Cal.5th 1121 (2017) .......................................................................14

*Lusardi Construction Co. v. Aubry*
 1 Cal.4th 976 (1992) ...........................................................................9

TABLE OF AUTHORITIES

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1

**Page No.**

2  *Mendoza v. County of Tulare*
3           128 Cal.App.3d 403 (1982) ............................................................7

4  *People v. Bowles*
5           198 Cal.App.4th 318 (2011) ..........................................................18

6  *People v. Dehle*
7           166 Cal.App.4th 1380 (2008) ........................................................16

8  *People v. Superior Court*
9           80 Cal.App.4th 1305 (2000) ..........................................................18

10  *Ryan v. California Interscholastic Federation-San Diego Section*
11           94 Cal.App.4th 1048 (2001) ......................................................9, 10

12  *Schultz v. Regents of University of California*
13           160 Cal.App.3d 768 (1984) ............................................................10

14  *Squire v. County of Los Angeles*
15           22 Cal.App.5th 16 (2018) ..............................................................15

16  *Stoneking v. Briggs*
17           254 Cal.App.2d 563 (1967) ............................................................19

18  *Unnamed Physician v. Board of Trustees of Saint Agnes Medical Center*
19           93 Cal.App.4th 607 (2001) ............................................................15

20  *Weatherford v. City of San Rafael*
21           2 Cal.5th 1241 (2017) ....................................................................12

22  *White v. Davis*
23           13 Cal.3d 757 (1975) ........................................................................7

24

25

26

27

28

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

TABLE OF AUTHORITIES

**Page No.**

## FEDERAL STATUTES

United States Code
28 U.S.C. Section 1331 ...............................................................2, 3
28 U.S.C. Section 1332(d)(2) (Class Action Fairness Act)...........................4
28 U.S.C. Section 1367 .......................................................... 3 fn. 3
28 U.S.C. Section 1441(a) ...............................................................2
28 U.S.C. Section 1447(c) ........................................................ 1 fn. 1
42 U.S.C. Section 1983, *et seq.* (Civil Rights Act) ...............................*passim*

## FEDERAL RULES OF EVIDENCE AND PROCEDURE

Federal Rules of Civil Procedure
F.R.C.P. 8(a)(2) ........................................................................11
F.R.C.P. 12(b)(6) ...................................................................*passim*
F.R.C.P. 81(c)(1) .......................................................................12

## CALIFORNIA STATE STATUTES

Civil Code
Section 3369 ..............................................................14, 15, 17

Code of Civil Procedure
Section 526a..........................................................................*passim*
Section 1085 .....................................................................17, 18
Section 1102 .............................................................................17

Education Code
Section 51210.1 .........................................................................17

Government Code
Section 3063 .............................................................................16

Penal Code
Section 1054 .......................................................................14, 18
Section 1054.1 ...............................................................2, 13, 15
Section 1385 .............................................................................17
Section 4001.1 .....................................................................*passim*
Section 4001.1(b).......................................................................17

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

TABLE OF AUTHORITIES

**Page No.**

**CONSTITUTIONS**

United States Constitution
      5th, 6th, and 14th Amendments of the U.S. Constitution .............................4

California Constitution
      Article 1, section 7 ........................................................................10

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Much of Plaintiffs' Opposition to the OCDA's and OCSD's FRCP 12(b)(6) Motion to Dismiss is devoted to repetitively[1] arguing that they lack Article III standing. The OCDA and OCSD have fully addressed this issue in their Opposition to Plaintiffs' Motion to Remand and therefore will spend little time addressing those issues here. However, it is apparent from Plaintiffs' Opposition to the Motion to Dismiss that they refuse to accept that every claim for relief in their Complaint (except for the Ninth Cause of Action, which is based upon a California statute) requires some allegation of actual injury. In the absence of authority, Plaintiffs would have this Court dismiss the injury element of the various causes of action at issue in their Complaint as a mere offshoot of Article III standing. Whether Plaintiffs like it or not the allegation of injury is a requirement of each claim, e.g., the violation of their constitutional rights in support of a claim under the Civil Rights Act, 42 U.S.C. § 1983. Indeed, a plaintiff in a civil rights case might be able to allege an injury sufficient to satisfy the Article III standing requirement, which goes to the question of justiciability, but would not state a cause of action if unable to allege his/her constitutional rights were violated.

The question of whether a plaintiff has Article III standing and whether they have standing sufficient to state a claim are mutually exclusive. Plaintiffs do little in their Opposition to the Motion to Dismiss to save their Complaint from the pending 12(b)(6) Motion. Rather, they try to deflect and add additional facts in an apparent attempt to supplement their Complaint, which, of course, is improper. This Court should judge the Complaint, and whether a claim for relief has been stated, based on the facts presented in the Complaint, not the facts Plaintiffs argue in their Opposition. If Plaintiffs wish to

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

---

[1] Plaintiffs made the same arguments in their Motion to Remand to state court—a superfluous motion since they clearly could have and did take the opportunity to allege their own lack of Article III standing in their opposition to this Motion. It would therefore seem that the Motion to Remand was filed for the sole purpose of potentially obtaining fees pursuant to 28 U.S.C. §1447(c), but it was otherwise unnecessary to this Court determining whether, in fact, Plaintiffs lack Article III standing.

1  amend their Complaint to add some of the facts that they have attempted to allege,

2  without basis, via their Opposition, then they should amend their Complaint.  However,

3  the OCDA and OCSD submit that the new facts in Plaintiffs' Opposition still fail to state

4  a claim for any of the causes of action Plaintiffs allege.

5           The OCDA and OCSD accept that Article III standing is always an issue subject to

6  consideration by the Court.  Courts are even required to raise the question *sua sponte* if it

7  is not raised by one of the litigants.  Assuming arguendo that this Court finds Plaintiffs

8  lack Article III standing, then the proper result is not remand of the entire case, but rather

9  dismissal of the section 1983 causes of action as well as the remaining causes of action

10  because they are inextricably intertwined with the federal questions presented.  As argued

11  at length in the Opposition to the Motion to Remand, all of Plaintiffs' claims for relief,

12  except perhaps the alleged violations of California Penal Code sections 1054.1 and

13  4001.1, arise from alleged violations of rights secured to criminal defendants by the U.S.

14  Constitution.  Plaintiffs, as the master of their Complaint, could have avoided the federal

15  court by pleading exclusively state law claims; they did not do so.  Accordingly, the case

16  was properly removed, and this court has federal question jurisdiction pursuant to 28

17  U.S.C. sections 1441(a) and 1331 because of the federal issues presented on the face of

18  the Complaint.  The OCDA and OCSD have the right to have federal issues decided by

19  the federal court, regardless of whether the Court decides the case on the Motion to

20  Dismiss, or on the alternative ground raised by Plaintiffs in their Opposition, that they

21  lack Article III standing.

22  **II.    ARGUMENT**

23      **A.    If the Plaintiffs Lack Article III Standing, the Proper Result is Dismissal**

24          **of the Federal Claims and Adjudication of the State Law Claims Based**

25          **on the Court's Supplemental Jurisdiction**

26           In the first part of their Opposition to the Motion to Dismiss, Plaintiffs assert that

27  they lack Article III standing and that because of this the Court lacks jurisdiction to rule

28  upon the pending Motion to Dismiss.  They further argue that the proper result is remand

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  of all claims to state court.  For the sake of judicial economy, the OCDA and OCSD will

2  not reargue the issues they have already fully briefed in opposition to Plaintiffs' Motion

3  for Remand, which is set for hearing on the same date as the Motion to Dismiss. Suffice

4  to say that contrary to Plaintiffs' conclusion that if they lack Article III standing this

5  Court is required to remand the entire action to state court, there is significant case

6  authority supporting several different outcomes.  *See* Defendants'/Respondents' Opp. to

7  Mot. to Remand at pp. 11-13, 16-17.  The Court could dismiss the federal claims and rule

8  on the state claims based on supplemental jurisdiction[2], the Court could find that the state

9  law claims are so intertwined with the federal claims that they cannot be severed and

10  therefore dismiss all the claims[3], or the Court can dismiss the federal claims and remand

11  the exclusively state law claims[4].

12        Plaintiffs cite no authority, and the OCDA and OCSD have found none, which

13  holds that when a case is removed to federal court based on federal question jurisdiction,

14  28 U.S.C. § 1331, that the District Court should divest itself of original jurisdiction and

15  remand federal questions for determination by the state court, even where Article III

16  standing is lacking.  Indeed, Plaintiffs cite no case where the basis for removal was

17  federal question jurisdiction.  Rather, in the typical case, where federal question is the

18  basis for removal, the Court dismisses the federal law claims and **may** remand the state

19  law claims, but is not required to do so.  *See, Nishimoto v. Federman-Bachrach &*

20  *Associates*, 903 F.2d 709, 715 (9th Cir. 1990); *Gonzales v. City of Mesa*, 779 F.Supp.

21  1050, 1052 (D.Ariz. 1991).

22  //

23  //

24

25      [2] *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351-52 (1988); *Foster v. Wilson*, 504 F.3d 1046, 1050-52 (9th Cir.2007) (affirming dismissal of federal claims);

26  *Lee v. City of Beaumont*, 12 F.3d 933, 935, 937 (9th Cir. 1993) (*overruled on other grounds*).

27      [3] *See,* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Acri v. Varian Associates Inc.*, 114 F. 3d 999, 1000 (9th Cir. 1997) (*supplemented by Acri v.*

28  *Varian Associates, Inc.*, 121 F. 3d 714 (9th Cir. 1997).
    [4] *Id.*

- 3 -

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    The closest Plaintiffs come to authority for the proposition that the Court should

2    remand federal claims to the state court is *dicta* in a footnote in *Davidson v. Kimberly-*

3    *Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018).  Opp. to Motion to Dismiss ("MTD")

4    at 5:16-18.  While Article III standing was at issue in the *Davidson* case, the footnote

5    cited by Plaintiffs, wherein the court recognized that federal and state claims could be

6    remanded, *Davidson* at 970 n. 6, is mere *dicta* because there were no federal questions

7    presented to the Court in that case.  Rather, the basis for removal was the Class Action

8    Fairness Act, 28 U.S.C. § 1332(d)(2), and the Complaint presented exclusively state law

9    claims.  *Id.* at 962-963.  The *Davidson* decision was based on considerations of comity

10   and intrusion on California's interests and laws, as well as traditional Article III analysis:

11            "[a]llowing a defendant to undermine California's consumer

12            protection statutes and defeat injunctive relief simply by removing a

13            case from state court is an unnecessary affront to federal and state

14            comity [and ] ... an unwarranted federal intrusion into California's

15            interests and laws."  77 F.Supp.3d at 961; *see also Henderson v.*

16            *Gruma Corp.*, 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011)

17            ("[T]o prevent [plaintiffs] from bringing suit on behalf of a class in

18            federal court would surely thwart the objective of California's

19            consumer protection laws.").

20   *Id.* at 970.  Clearly, the *Davidson* court was concerned about allowing a defendant to take

21   advantage of a removal statute adopted by Congress where applying Article III standing

22   requirements might preclude a plaintiff from having their **state law claims** adjudicated at

23   all.  But the converse is true here.  Plaintiffs are trying to take advantage of federally

24   created rights (the 5th, 6th  and 14th Amendments to the U.S. Constitutions) and claims

25   for relief (42 U.S.C. § 1983), but want this Court to defer to the more liberal standing

26   provisions of California law and allow California state courts to rule upon federal

27   questions that are within the original jurisdiction of this Court.  While the *Davidson* court

28   may have stated, in *dicta*, that a federal claim *could* be remanded to the state court, this

- 4 -

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1  was by no means the holding of the case.  This Court should not give any weight to

2  *Davidson*, which has very little relation to the instant case.

3      Besides *Davidson*, Plaintiffs make no new arguments and cite no new authorities

4  from what they cited in their Motion to Remand and to which the OCDA and OCSD have

5  already fully responded and opposed.  Plaintiffs have failed to provide authority that

6  requires this Court to remand rather than dismiss the case.  Rather, it is clear from the

7  authorities in all the briefing on the two motions presently before the Court, that the

8  decision of whether to remand or dismiss rest within the sound discretion of this Court.

9  OCDA and OCSD propose that the weight of the authority supports dismissal of the

10  federal claims and exercise of supplemental jurisdiction over the state law claims that are

11  not otherwise dependent on the federal law claims.

**B.**  **Plaintiffs Have Failed to Allege a Claim Upon Which Relief Can be Granted, and Nothing in Their Opposition Saves the Complaint From Dismissal**

15      Plaintiffs try to deflect this Court's attention from their failure to allege at least one

16  essential element of each cause of action, typically an injury and/or statutory standing, by

17  claiming that statutory standing is the same as, or an offshoot of, Article III standing.

18  Opp. to MTD at 7:5-7.  This argument conflates Article III standing with statutory

19  standing even though they are separate and distinct concepts.  *See, Maya v. Centex Corp.*,

20  658 F.3d 1060, 1067 (9th Cir. 2011).

**1.**  **Plaintiffs Do Not and Cannot Claim the Injury Element Necessary to State a Claim under 42 U.S.C. § 1983**

23      Notwithstanding the authorities cited in the moving papers (MTD at 4:12-20) that

24  clearly delineate the elements of a section 1983 cause of action as including an allegation

25  that the plaintiff was deprived of a right secured by the Constitution, Plaintiffs, somewhat

26  incredulously, argue that a violation of their personal rights is not required to state a

27  section 1983 claim.  Opp. to MTD at 7:9-11.  They base this position on the doctrine of

28  third party standing, which admittedly allows a plaintiff to assert a rights violation of a

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1   party not present in the case.  However, third party standing does ***not*** eliminate the

2   requirement that a named plaintiff in a section 1983 case must allege an independent

3   violation of ***his/her*** rights.  Indeed, courts have established a three-prong test to

4   determine if a plaintiff who is present in a case ***may also*** assert the rights of a third party.

5   To establish third party standing, a plaintiff must satisfy three important criteria: "[t]he

6   litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently

7   concrete interest' in the outcome of the issue in dispute; the litigant must have a close

8   relation to the third party; and there must exist some hindrance to the third party's ability

9   to protect his or her own interests."  *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (citations

10   omitted).  Because Plaintiffs do not appear to allege that they have third party standing

11   vis a vis the mostly unnamed criminal defendants who may have suffered some violation

12   of their rights by the alleged "illegal" informant program in the jails, we do not analyze

13   each of these elements.  If we were to do so, it is clear that Plaintiffs would not qualify

14   for third party standing because they cannot and do not allege a violation of their own

15   rights.  Moreover, the Supreme Court has noted that third party standing is "not looked

16   favorably upon," and except for limited types of cases, i.e., First Amendment cases and

17   cases where "enforcement of the challenged restriction *against the litigant* would result

18   indirectly in the violation of third parties' rights" the doctrine has not been applied.

19   *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).

20        In the event there is any doubt, courts have consistently held that a personal

21   violation of a plaintiff's rights is a necessary allegation for a section 1983 claim to

22   survive a motion to dismiss.  "The first inquiry in any § 1983 suit … is whether the

23   plaintiff has been deprived of a right 'secured by the Constitution and laws."  *Baker v.*

24   *McCollan,* 443 U.S. 137, 140 (1979).  Similarly, a plaintiff in a section 1983 action must

25   "make two – and only two – allegations . . . .  First, the plaintiff must allege that some

26   person has deprived ***him*** of a federal right.  Second, he must allege that the person who

27   has deprived him of that right acted under color of state or territorial law."  *Gomez v.*

28   *Toledo,* 446 U.S. 635, 640 (1980) (emphasis added), citing *Monroe v. Pape*, 365 U.S.

- 6 -

167, 171 (1961).  Whether the first element is an offshoot of Article III standing is of no consequence where the violation of a plaintiff's rights has been established, through case law, as an independent element of a section 1983 cause of action, which must be pled in the Complaint.  Plaintiffs have done nothing in their Opposition to save their section 1983 claims from dismissal inasmuch as they have not and cannot state a violation of their personal rights.  The third party standing cases cited by Plaintiff do not provide contrary authority.

Additionally, the California cases cited by Plaintiffs (Opp. to MTD at 8:1-10) are inapposite on the question of whether a Plaintiff must allege a violation of their own rights to state a cause of action under section 1983.  Plaintiffs cite four California cases in support of their claim that California courts can adjudicate alleged violations of federal law; the OCDA and OCSD do not refute this.  However, the cases cited by Plaintiffs do not even address the elements of a section 1983 cause of action and are therefore of no assistance to this Court's analysis of the issues presented by the Motion to Dismiss.  There were no section 1983 claims alleged in *White v. Davis*, 13 Cal.3d 757 (1975) and *Blair v. Pitchess*, 5 Cal.3d 258 (1971).  The other two cases cited by Plaintiffs, *Cal. DUI Lawyers Ass'n v. Cal. Dep't of Motor Vehicles*, 20 Cal.App.4th 1247 and *Mendoza v. County of Tulare,* 128 Cal.App.3d 403 (1982), did include section 1983 claims, but the sufficiency of the claims was not at issue in either appeal.  Of course, a case is not authority for a proposition not considered or decided by the court.  *Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, 2017 WL 451711 at *8 (N.D. Cal. 2017).  These cases simply do not help Plaintiffs.

Next, Plaintiffs allege that their section 1983 claims are appropriate because they are challenging policies, procedures and customs.  Opp. to MTD at 8:23-9:1.  This argument is also unavailing.  Although it is not clear, it appears Plaintiffs are attempting to articulate that because they are challenging formal policies and procedures, they do not need to otherwise meet the pleading requirements of a section 1983 action.  Plaintiffs cite no case in support of this proposition.  Of course, the allegations required by *Monell* in

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 7 -

order to hold an entity liable under section 1983, are an ***additional*** element that must be pled by a plaintiff, not an element in lieu of other elements already required to establish a section 1983 claim.  The cases Plaintiffs cite in this part of the Opposition are not compelling.  *See,* Opp. to MTD at 9:1-8.  In each of the cases cited, the plaintiff was a former inmate or former criminal defendant, making it easy to allege the element of an actual violation of their civil rights to sustain a section 1983 claim.  It is entirely unclear how these cases support Plaintiffs' position.

Lastly, Plaintiffs appear to argue that because of the "repeated" violations of criminal defendants' rights alleged in the Complaint, they should somehow be allowed to proceed as if they have properly alleged the elements of a section 1983 cause of action.  Opp. to MTD at 9:9-12.  Plaintiffs cite no legal authority in support of this, but name eight criminal defendants whose cases were allegedly "affected by Defendants' unconstitutional conduct."  Opp. to MTD at 9:18-23.  Obviously, this argument does not render their section 1983 claims viable.  Moreover, it would be hard to reconcile granting relief to Plaintiffs in this case because the eight criminal defendants named in the Complaint, who are not plaintiffs here, would be foreclosed from bringing a section 1983 claim, on the same grounds, unless they had their conviction overturned.  "Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), *see also, Guerrero v. Gates, 442 F.3d 697* (9th Cir. 2006); *Cooper v. Ramos,* 704 F.3d 772, 785 (9th Cir. 2012) (civil rights claim that would "necessarily implicate the validity of . . . [a] state criminal conviction" are "not cognizable unless . . . [the] conviction is vacated, overturned, or invalidated.")  Accordingly, courts decline to adjudicate section 1983 claims where judgment in favor of the plaintiff would call the propriety of the conviction into question.  *Heck*, 512 U.S. at 484-486.  A decision that the prosecution failed to make a *Brady* disclosure, or used a self-incriminating statement against the defendants, or violated the sixth amendment rights of the defendants, which is

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 8 -

1    at the core of the allegations in this case, could call the validity of multiple convictions

2    into question.  These Plaintiffs simply cannot maintain a section 1983 claim as alleged in

3    the Complaint.  Accordingly, the First, Fourth and Seventh causes of action should be

4    dismissed.

### 2.    Nothing in Plaintiffs' Opposition Contradicts the Bases for Granting the Motion to Dismiss the State Constitutional Claims

7    With respect to the California Constitutional claims, Plaintiffs continue their

8    pattern of refusing to acknowledge and/or understand that standing has many different

9    facets.  Plaintiffs argue the OCDA's and OCSD's assertion that Plaintiffs failed to state a

10   claim for violation of the California Constitution "because they have not suffered

11   personal rights violations" is a "federal standing argument."  Opp. to MTD at 10:4-6.

12   Plaintiffs apparently believe that whenever injury or a personal violation of rights is an

13   element of a cause of action, as recognized by the courts, or stated in statute, it is

14   synonymous with Article III standing, but cite no authority for this erroneous argument.

15   Sidestepping the case authority cited in the MTD, Plaintiffs once again cite to inapposite

16   cases in which taxpayer standing was affirmed.  Opp. to Mot. at 10:7-24.  Notably, not

17   one of the cases cited by Plaintiffs applied taxpayer standing, based on California Code

18   of Civil Procedure section 526a to an alleged violation of a California Constitutional

19   provision much less any of the provisions that Plaintiffs have placed at issue in this case.

20   Plaintiffs cite no authority to refute the argument that the California due process

21   right does not attach in the abstract, but rather only after an "executive branch official

22   actually files formal civil or criminal charges."  *Lusardi Construction Co. v. Aubry*, 1

23   Cal.4th 976, 992 (1992), *see also*, MTD at 10:1-4.  Moreover, Plaintiffs do not cite any

24   authority contrary to the proposition that, to state a claim for a violation of California due

25   process, the "claimant must nevertheless identify a statutorily conferred benefit or interest

26   of which he or she has been deprived to trigger procedural due process under the

27   California Constitution . . . ."  *Ryan v. California Interscholastic Federation-San Diego

28   Section*, 94 Cal.App.4th 1048, 1071 (2001) (citations omitted), *see also*, MTD at 10:8-16.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

As the *Ryan* court wrote, "presumably not every citizen adversely affected by governmental action can assert due process rights; identification of a statutory benefit subject to deprivation is a prerequisite." *Ryan,* at 1071, citing *Schultz v. Regents of University of California,* 160 Cal.App.3d 768, 786 (1984). Yet, Plaintiffs here ask this Court to find that they have stated a cause of action for violation of article 7, section 1 of the California Constitution in the absence of allegations required to state a cause of action. Based on the foregoing, Plaintiffs' Second, Fifth and Eighth causes of action should be dismissed.

### 3.     Plaintiffs Cite No Authorities and Make No Arguments That Render Their Ninth Cause of Action Viable in the Face of This Motion to Dismiss

In the MTD, the OCDA and OCSD assert that Plaintiffs' Ninth Cause of Action for illegal expenditure of government funds, California Code of Civil Procedure ("CCP") § 526a, fails because they did not allege facts required to state such a claim. MTD at 18:3-17. Plaintiffs do not even respond to the clear authority that delineates the allegations a plaintiff pleading a CCP 526a cause of action must make to survive a 12(b)(6) motion. *See,* MTD at 18:10-15. Rather, Plaintiffs ignore the authority and jump straight into a line of California authorities where CCP 526a causes of action resulted in judgment. These cases are non-sequiturs; they do not relate at all to the question of whether, in this case, Plaintiffs have alleged the required facts to maintain a cause of action against a 12(b)(6) motion. They have not. Plaintiffs have not alleged "specific facts and reasons for the belief the expenditure of public funds sought to be enjoined is illegal."[5] *Friends of Roeding Park v. City of Fresno*, 848 F.Supp.2d 1152, 1164 (E.D. Cal. 2012), citing *Coshow v. City of Escondido*, 132 Cal.App.4th 687, 714 (2005).

Plaintiffs try to save this cause of action by attempting to rewrite the facts alleged

---

[5] Indeed Plaintiffs do not even seek an injunction to enjoin any identified public expenditure because they have not identified a specific expenditure that they allege was illegal.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  in the Complaint.  Plaintiffs claim the Complaint "robustly alleges Defendants'

2  expenditure of governmental time and resources on illegal and unauthorized acts," citing

3  to paragraphs 14, 16, and 162 of the Complaint.  Plaintiffs' assertion that these

4  paragraphs "robustly" allege illegal expenditures, does not make it so.  Not only does

5  Plaintiffs' attempt to repackage the allegations not satisfy FRCP 8(a)(2) as interpreted by

6  *Bell Atlantic Corp. v.Twombly,* 550 U.S. 544, 555 (2007), it does not make the

7  allegations rise to the level required by the *Friends of Roeding Park* and *Coshaw* cases

8  referenced above.  *See also,* MTD at 3:23-4:2.

9      Plaintiffs also point to other paragraphs in the Complaint, which they allege

10  demonstrate "vast amounts of taxpayers' money" spent "as part of an illegal scheme."

11  Opp. to MTD at 11:28-12:15.  However, none of the paragraphs that Plaintiffs reference

12  in their Opposition allege the illegal expenditure of public funds.  Rather, the Court is left

13  to deduce that because Plaintiffs have alleged an "illegal" scheme, there must have been

14  illegal expenditures made in support of these schemes.  Moreover, to accept that these

15  allegations are sufficient to defend a CCP 526a claim against a 12(b)(6) motion, the

16  Court must accept the legal conclusion that there was an illegal informant operation afoot

17  in the jails based on policies, procedures and practices implemented by the OCDA and

18  the OCSD.  The Court is not required to make these deductions and legal conclusions in

19  order to sustain the Complaint against a 12(b)(6) Motion.  *MAI Sys. Corp. v. UIPS,* 856

20  F.Supp.538, 540 (N.D. Cal. 1994), citing *Jones v. Comm. Redevelopment Agency*, 733

21  F.2d 646 (9th Cir. 1984) ("However, legal conclusions, deductions or opinions couched

22  as factual allegations are *not* entitled to a presumption of truthfulness.").

23      Taking Plaintiffs' position on this cause of action to its logical extreme

24  demonstrates why it should be dismissed: every time a motion to dismiss is granted in a

25  criminal case based on an officer's failure to perform a duty in accord with the law or

26  constitutional rights, or every time a prosecutor miscalculates in making a discovery/

27  *Brady* disclosure, the employing agencies would be subject to a lawsuit for a claim of an

28  illegal expenditure.  This simply is not the scope of this type of cause of action.  This

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 11 -

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    Court cannot and should not condone taxpayer interference with exercise of executive

2    discretion that necessarily occurs whenever an arrest is made, an interrogation occurs,

3    and/or discovery disclosures are made.  There are executive branch agencies at both the

4    federal and state level with oversight of the OCDA and OCSD.  There is nothing in the

5    law that enables the Plaintiffs in this case to assume the position of watchdog over the

6    OCDA and OCSD and use the judicial branch as a tool in that process.   The Ninth Cause

7    of Action, for illegal expenditure of public funds, should be dismissed.

8              a.      **California Code of Civil Procedure 526a Does Not Entitle**

9                      **Plaintiffs to Injunctive or Declaratory Relief in the Absence**

10                     **of the Required Allegations to Support Those Types of**

11                     **Relief**

12           In their Opposition, Plaintiffs argue that they qualify for injunctive and declaratory

13   relief under California statutes and case law.  However, this case is no longer in state

14   court.  It is well settled that after a case has been removed from state court to federal

15   court, it is subject to the Federal Rules of Civil Procedure.  *See,* FRCP 81(c)(1); *Kearns v.*

16   *Ford Motor Co.* 567 F.3d 1120, 1125 (9th Cir. 2009) (federal pleading rules apply

17   regardless of whether substantive law at issue is state or federal).  Therefore, the fact that

18   Plaintiffs may have had standing to sue on state and federal claims in state court is not

19   only irrelevant, but it is not responsive to the arguments made by OCDA and OCSD in

20   their 12(b)(6) Motion.  Rather, the position as stated in the MTD is that Plaintiffs have

21   not alleged the elements necessary for injunctive and declaratory relief under federal law

22   and therefore their claims are subject to dismissal under 12(b)(6).  Whether Plaintiffs

23   have Article III standing is a separate issue not raised by Defendants' 12(b)(6) Motion.

24           Plaintiffs cite to *City of Los Angeles v. Lyons* for the proposition that state courts

25   do not need to impose the same standing requirements which govern federal court

26   proceedings.  Opp. to MTD at 12:23-27.  Plaintiffs also rely on *Weatherford v. City of*

27   *San Rafael,* 2 Cal.5th 1241 (2017), another state court case, for the proposition that there

28   is no "case or controversy" requirement in the state Constitution which imposes an

- 12 -

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

independent jurisdictional limitation on state standing doctrine.  Opp. to MTD at 12:27-13:2.  While this is true in state court, these cases are no longer applicable to the instant case and not helpful for the propositions cited by Plaintiffs.  While the standing issue was not raised in the MTD, federal court standing principles apply because the case is currently in federal court.  "[A] state legislature may not waive by statute the prudential or constitutional limitations on standing in federal court and, by way of a state-created right, confer an Article III injury where none would otherwise exist."  *MAI Systems Corp.,* 856 F.Supp. at 540 (state law allowing disinterested party to enforce unfair competition laws on behalf of general public does *not* satisfy federal standing requirements requiring a personal stake in controversy); *see also*, *Cantrell v. City of Long Beach* 241 F.3d 674, 683 (9th Cir. 2001) ("[A]lthough the birdwatchers may well have standing under California law to bring their suit in state court, that does not help them here.  A party seeking to commence suit in federal court must meet the stricter federal standing requirements of Article III.").

Plaintiffs assert they are entitled to injunctive relief because they have supposedly stated facts sufficient for injunctive relief under CCP 526a in state court.  However, it is the elements for injunctive relief and declaratory relief, fully discussed in the MTD, which apply in federal court.  *See*, MTD at pp. 19-23.  Because Plaintiffs have not alleged all of the elements necessary for injunctive and declaratory relief in federal court as described in Defendants' Motion, the Complaint should be dismissed.

### 4.    Plaintiffs Have Failed to Defend Their Claims for Writ Relief.

While Plaintiffs spend almost a third of their Opposition brief defending the third and sixth causes of action for writ of mandate, they completely ignore a section of the California Civil Code, discussed at length in the MTD, which acts as a bar against the relief they request.  They further fail to demonstrate that writ relief is available to compel the exercise of prosecutorial discretion, fail to sufficiently refute their lack of public interest standing, fail to demonstrate a clear and present duty arising from Penal Code section 1054.1 and 4001.1 that would be enforceable by a writ, or to sufficiently

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1   articulate why there is no adequate remedy at law for the alleged wrongs.

2             **a.**    **California Civil Code Section 3369 Bars Plaintiffs' Actions**

3                   **for Mandamus in Their Entirety**

4          Plaintiffs not only fail to address the fact that their Complaint is unverified—a

5   defect which, in and of itself, is fatal to Plaintiffs' causes of action for writ relief—but

6   Plaintiffs' opposition wholly fails to address Civil Code section 3369, which serves as a

7   statutory bar to Plaintiffs' causes of action for writ of mandate as it expressly prohibits

8   the granting of specific or preventative relief to "enforce a penal law."  Rather, Plaintiffs

9   mischaracterize the *Dix* and *Leider* cases in an unsuccessful attempt to distinguish them.

10          For example, sidestepping the statutory prohibition of Civil Code section 3369,

11   Plaintiffs rely upon *dicta* contained in a footnote in *Dix* for the premise that citizen-

12   taxpayer actions are somehow exempt from the general rule that "neither a crime victim

13   nor any other citizen has a legally enforceable interest, public or private, in the

14   commencement, conduct, or outcome of criminal proceedings . . . ."  *See, Dix v. Superior*

15   *Court,* 53 Cal.3d 442, 450, 454, fn. 7 (1991) ("nothing we say here affects independent

16   citizen-taxpayer actions raising criminal justice issues").  Notably, the *Dix* Court used the

17   term "criminal justice issues" not "penal law" as is used in Civil Code section 3369.

18   Moreover, Plaintiffs' interpretation of this footnote is contrary to the holding in *Leider v.*

19   *Lewis,* 2 Cal.5th 1121, 1137 (2017), wherein the Court confirmed that "a taxpayer action

20   will not lie to enforce a Penal Code provision."  Indeed, Plaintiffs omit the remainder of

21   the footnote from *Dix,* which acknowledges that "a rule against public intervention in

22   individual criminal cases will not cause important issues to evade review," and that "the

23   natural adversary relationship between the People and criminal defendants will usually

24   ensure litigation of significant questions."  *Dix,* at 454, fn. 7.  The issues in the present

25   case not only relate to the adversary relationship between the district attorney and

26   criminal defendants, versus the concept of broader "criminal justice," but they are wholly

27   governed by Civil Code section 3369 as the statutes in question, Penal Code sections

28   1054 et seq. and 4001.1, are part of California's "penal law."

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1   Plaintiffs' reliance on *Bradley v. Lacy*, 53 Cal.App.4th 883 (1997), is similarly

2   misplaced.  *See*, Opp. to MTD at 15:14-24.  While Plaintiffs claim that *Bradley* stands for

3   the proposition that the exercise of prosecutorial discretion can be compelled by way of

4   mandamus, the statutory duty in that case arose out of the Government Code, not the

5   Penal Code, which removes it from the express prohibition contained in Civil Code

6   section 3369.  *See*, *Bradley* at 886.

**b.   Writ Relief Does Not Lie to Compel the Exercise of Prosecutorial Discretion**

9   Plaintiffs also argue that *Dix* did not involve enforcement of mandatory statutory

10  duties and that prosecutors and law enforcement do not have discretion to choose whether

11  or not to comply with disclosure rules.  The OCDA and OCSD do not dispute this;

12  however, Plaintiffs' factual allegations in their Complaint take issue with how

13  Defendants perform their duties, not whether or not they perform their duties in the first

14  instance.  These duties—including the duty to determine what evidence is exculpatory,

15  which is required to be disclosed pursuant to Penal Code section 1054.1—are

16  discretionary and exclusive, the opposite of  ministerial.  Longstanding law supports the

17  proposition that mandamus does not lie to compel the performance of discretionary acts.

18  *See, Squire v. County of Los Angeles*, 22 Cal.App.5th 16, 22 (2018) (holding that

19  mandamus "does not lie to control the exercise of discretion unless under the facts,

20  discretion can only be exercised one way"); *Unnamed Physician v. Board of Trustees of*

21  *Saint Agnes Medical Center*, 93 Cal.App.4th 607, 618 (2001) ("[m]andate will not issue

22  to compel action unless it is shown the duty to do the thing asked for is plain and

23  unmixed with discretionary power or the exercise of judgment").

24  "Exclusive prosecutorial discretion must also extend to the conduct of a criminal

25  action once commenced."  *Dix*, 53 Cal.3d at 452.  "The public prosecutor has no

26  enforceable 'duty' to conduct criminal proceedings in a particular fashion.  On the

27  contrary, his obligation is to exercise exclusive professional discretion over the

28  prosecutorial function."  *Id*. at 453.  The *Dix* court held that the petitioner in that case

- 15 -

could not make an "end run" around a permissible choice made by the prosecutor "in a criminal matter for which the prosecutor has sole litigation responsibility," noting the "ominous" implications of recognizing citizen standing to intervene in criminal prosecutions which, as a practical matter, is exactly what Plaintiffs seek in this case. *See*, MTD at 13:16-23. "It would undermine the People's status as exclusive party plaintiff in criminal actions, interfere with the prosecutor's broad discretion in criminal matters, and disrupt the orderly administration of justice." *Dix*, at 453–54.

Plaintiffs seek to control prosecutorial discretion, which is exclusive to the prosecutor, and to dictate how the OCDA and OCSD investigate and prosecute individual cases to which Plaintiffs are not parties. This undermines the very nature of Defendants' discretionary powers, as "the district attorney is expected to exercise his or her discretionary functions in the interests of the People at large, and not under the influence or control of an interested individual." *People v. Dehle*, 166 Cal.App.4th 1380, 1388 (2008). While OCDA and OCSD do not assert that it is within their discretion to refuse to disclose exculpatory evidence (nor have Plaintiffs alleged that has happened), the question of **what is** exculpatory in any given case is not always clear, which is why the progeny of *Brady v. Maryland* is so vast. Plaintiffs are, in essence, asking that this Court substitute its discretion for that of the OCDA and OCSD in the form of a writ. This is not allowed.

Further, the *Bradley* case, which is discussed above and upon which Plaintiffs rely to allege a mandatory duty, is distinguishable. The *Bradley* court concluded Government Code section 3063 created a non-discretionary duty, in contrast to the exercise of a discretionary prosecutorial function like the one at issue in the present case. Indeed, the duty at issue in *Bradley* is the very definition of a ministerial duty—service of process—which the district attorney in that case failed to do, claiming he had discretion to refuse to comply. *Id.* at 887. The *Bradley* court further noted that, while the district attorney could not refuse to serve the accusation, he could later "apply his professional judgment to an evaluation of an accusation and, in the exercise of that judgment, move the court in an

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 16 -

1   appropriate case to dismiss in furtherance of justice pursuant to Penal Code section

2   1385." *Id*. at 895.  Thus, even *Bradley* recognized that once a prosecution is initiated,

3   *how* the case proceeds is a matter of discretion resting with the District Attorney.

4   　　　Finally, Penal Code section 4001.1(b) does not create a mandatory duty on the part

5   of the OCDA and OCSD as the language of the statute is prohibitory ("[n]o law

6   enforcement agency and no in-custody informant acting as an agent for the agency, may

7   take some action . . . that is deliberately designed to elicit incriminating remarks").  Penal

8   Code section 4001.1 does not create an affirmative duty that "the law specially enjoins."

9   Cal. Code Civ. Proc. §1085.  *See also*, Cal. Code Civ. Proc. § 1102 (writ of prohibition

10  only lies to arrest "the proceedings of any tribunal, corporation, board, or person

11  exercising judicial functions...").

12  　　　　　　　**c.   Plaintiffs Lack Public Interest Standing**

13  　　　The Court need not reach the question of whether Plaintiffs have public interest or

14  taxpayer standing because Civil Code section 3369 serves as a complete bar to

15  mandamus.  Nevertheless, even if Plaintiffs could establish that 3369 does not apply to

16  their causes of action for mandate, the causes of action should be dismissed because

17  Plaintiffs have not alleged a statutory public interest as the law requires for public interest

18  standing.  Plaintiffs' Opposition does not address this statutory requirement, other than to

19  state that "[Defendants] misread the cases on which they rely."  Opp. to MTD at 16:21-

20  17:2.

21  　　　Plaintiffs attempt to distinguish the authorities cited in the MTD, but tacitly

22  concede Defendants' argument.  As stated and quoted by Plaintiffs, "this public interest

23  exception 'promotes the policy of guaranteeing citizens the opportunity to ensure that no

24  governmental body impairs or defeats the purpose of *legislation establishing a public*

25  *right*.'"  Opp. at 16:26-28 (quoting *Doe v. Albany Unified School District*, 190

26  Cal.App.4th 668, 685 (2010)) (emphasis added).  This very language contemplates a

27  legislatively-established public right which, in the *Doe* case, was found in section

28  51210.1 of the California Education Code.  Likewise, the California Supreme Court case

- 17 -

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1   of *Green v. Obledo*, 29 Cal.3d 126, 145 (1981), involved an express legislative purpose

2   that established a public right.  There are no specific legislative findings in the statutes

3   put at issue in the present case that establish such a public right.  While there are express

4   legislative purposes set forth in Penal Code section 1054 *et seq.*, they all relate to specific

5   (private) defendants in criminal cases.  *See, People v. Superior Court*, 80 Cal.App.4th

6   1305, 1313 (2000) (holding that "[t]he requirements and procedural mechanisms of

7   Chapter 10 apply only to the parties in a criminal case—that is the prosecution and the

8   defendant(s)").  Penal Code section 4001.1 contains no legislatively-declared purpose or

9   right whatsoever, let alone a legislatively-declared public right.

### d. Plaintiffs Cannot Allege a Clear and Present Duty

11   The very language of the statutes in question, Penal Code sections 1054 et seq. and

12   4001.1, establish that the alleged duty is one owed by a member of the prosecutorial team

13   to a defendant in a criminal action.  Defendants simply owe no duty to Plaintiffs in light

14   of Code of Civil Procedure section 1085's requirement that Plaintiffs be "beneficially

15   interested."  Additionally, not only are Plaintiffs seeking redress for events that have

16   taken place in the past but, to the extent that Plaintiffs are seeking to enjoin future or

17   ongoing acts, Plaintiffs' allegations are speculative at best.  Plaintiffs have not provided

18   any basis for their argument that an alleged custom and practice gives rise to mandate.

19   *See*, Mot. at 17:1-25.

### e. Plaintiffs Cannot Allege an Inadequate Remedy at Law

21   Plaintiffs cannot properly assert that there is no adequate remedy at law as the

22   criminal discovery statutes exclusively apply to discovery in criminal cases, wherein the

23   trial judge can provide redress for alleged violations with various post-trial remedies on a

24   case-by-case basis.  *People v. Bowles*, 198 Cal.App.4th 318, 327 (2011) ("any violation

25   of a defendant's pretrial right to discovery is appropriately addressed by available post-

26   trial remedies such as an appeal from the judgment, a motion for new trial, or a petition

27   for habeas corpus").

28   //

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1   Finally, Plaintiffs' reference to quotes from a report on prosecutorial misconduct

2   and a highly inflammatory newspaper article interviewing Scott Dekraai's attorney

3   should be disregarded by this court if not stricken in their entirety as inadmissible

4   hearsay.  Opp. at 20:12-21-2; *In re Cypress Semiconductor Securities Litigation*, 891

5   F.Supp. 1369, 1374 (N.D. Cal. 1995); *Stoneking v. Briggs*, 254 Cal.App.2d 563, 576

6   (1967); *AFMS LLC v. United Parcel Service Co*., 105 F.Supp.3d 1061, 1070 (C.D. Cal.

7   2015).  While the Court must accept the allegations of the Complaint as true for the

8   purposes of this Motion, it certainly need not and should not do the same for media

9   coverage.

10   Accordingly, Defendants' Motion to Dismiss should be granted as to Plaintiffs'

11   Third and Sixth causes of action for Writ of Mandate.

12   **IV.    <u>CONCLUSION</u>**

13   Based on the foregoing arguments and authorities, OCDA and OCSD should be

14   granted relief under FRCP 12(b)(6).  Plaintiffs' should be denied leave to amend and the

15   Complaint and Petition should be dismissed in their entirety.

16   DATED: July 9, 2018                    Respectfully submitted,

17                                          LEON J. PAGE, COUNTY COUNSEL
18                                          WENDY J. PHILLIPS, SENIOR DEPUTY
                                            D. KEVIN DUNN, SENIOR DEPUTY
19                                          REBECCA S. LEEDS, SENIOR DEPUTY
                                            CAROLYN M. KHOUZAM, DEPUTY

20

21                                          By_____/s/_____
22                                                 Wendy J. Phillips, Senior Deputy

23                                          Attorneys for Defendants/Respondents,
                                            ANTHONY J. RACKAUCKAS and SANDRA
24                                          HUTCHENS

25

26

27

28

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States employed in the County of Orange, over 18 years old and that my business address is 333 W. Santa Ana Blvd., Suite 407, Santa Ana, California 92701, and my email address is marzette.lair@coco.ocgov.com.  I am not a party to the within action.

I certify that I caused the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANTS IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS** to be served on July 9, 2018, upon all counsel of record by utilizing the USDC's CM/ECF system:

Attorneys for Plaintiffs, People for the Ethical Operation of Prosecutors and Law Enforcement (P.E.O.P.L.E.); Bethany Webb; Theresa Smith; and, Tina Jackson:

| | |
|---|---|
| Brendan M Hamme, Esq.<br>BHamme@aclu-sc.org<br>ACLU of Southern California<br>1851 East First Street Suite 450<br>Santa Ana, CA 92705<br>714-450-3963<br>714-543-5240 (fax) | Jacob S Kreilkamp, Esq.<br>jacob.kreilkamp@mto.com<br>Munger Tolles and Olson LLP<br>350 South Grand Avenue 50th Floor<br>Los Angeles, CA 90071<br>213-683-9100<br>213-687-3702 (fax) |
| Peter J Eliasberg, Esq.<br>peliasberg@aclusocal.org<br>ACLU of Southern California<br>1851 East 1st Street Suite 450<br>Santa Ana, CA 92705<br>714-450-3963<br>714-543-5240 (fax) | John L Schwab, Esq.<br>john.schwab@mto.com<br>Munger Tolles and Olson LLP<br>355 South Grand Avenue 35th Floor<br>Los Angeles, CA 90071<br>213-683-9100<br>213-687-3702 (fax) |
| Somil B Trivedi, Esq.<br>strivedi@aclu.org<br>American Civil Liberties Union Foundation<br>915 15th Street NW<br>Washington, DC 20005<br>202-715-0802 | Mariana L. Kovel, Esq.<br>mkovel@aclu.org<br>American Civil Liberties Union Foundation<br>125 Broad St., 18th Floor<br>New York, NY 10004 |

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed in Santa Ana, California this 9th day of July, 2018.

_____
/s/
Marzette L. Lair

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

CERTIFICATE OF SERVICE