JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PEOPLE FOR THE ETHICAL OPERATION OF PROSECUTORS AND LAW ENFORCEMENT (P.E.O.P.L.E.), BETHANY WEBB, THERESA SMITH, and TINA JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY J. RACKAUCKAS, in his official capacity as Orange County District Attorney, and SANDRA HUTCHENS, in her official capacity as Orange County Sheriff,<br><br>Defendants. | Case No.: SACV 18-00805-CJC(JDEx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

//

## I. INTRODUCTION & BACKGROUND

On April 4, 2018, Plaintiffs People for the Ethical Operation of Prosecutors and Law Enforcement ("P.E.O.P.L.E."), Bethany Webb, Theresa Smith, and Tina Jackson filed their Complaint against Defendants in Orange County Superior Court. (Dkt. 1 Ex. A [Complaint, hereinafter "Compl."].) Plaintiffs allege that the Orange County Sheriff's Department ("OCSD"), with the knowledge and participation of the Orange County District Attorney's Office ("OCDA"), has operated an illegal jailhouse informant program in the Orange County jails for over thirty years. According to Plaintiffs, "[l]arge numbers of 'professional' informants, working at the behest of both agencies, have interrogated criminal defendants in violation of those defendants' right to an attorney," and due process rights "by threatening violence to obtain the information they wanted." (*Id*. ¶¶ 2–3.) Informants allegedly were paid, both monetarily and with time off their own sentences, for this work. (*Id*. ¶ 4.) Plaintiffs allege that the OCSD and the OCDA have taken various measures, including lying under oath and suppressing evidence, to conceal the program. (*Id*. ¶ 5.)

Plaintiff Webb is an Orange County taxpayer whose sister was murdered by Scott Dekraai, whose murder case was tainted by the informant program. (*Id*. ¶ 15–17.) According to Plaintiffs, after Dekraai was charged with murder and was represented by counsel, OCSD moved him into a cell next to a longtime OCSD and OCDA informant in order to elicit information from Dekraai. (*Id*. ¶¶ 66–68.) After the informant reported statements Dekraai made about the crime, OCDA placed a tape recorder in the jail to record Dekraai and the informant's discussions, capturing over 100 hours of conversation. (*Id*. ¶¶ 68–70.) Plaintiffs further allege that the OCDA "went to great lengths to keep any information" relating to their use of an informant from Dekraai's defense counsel, and to conceal the informant program. (*Id*. ¶ 70.) Ultimately, the OCDA was disqualified from prosecuting Dekraai's case based on their failure to provide

evidence to the defense. (*Id*. ¶¶ 110–22.) Plaintiffs Smith and Jackson are members of P.E.O.P.L.E., an association of Orange County citizens and taxpayers founded to combat the illegal and unconstitutional conduct of the OCDA and OCSD. (*Id*. ¶¶ 13–14, 18–21.) Plaintiffs seek redress for Defendants' alleged violations of the Federal and California Constitutions, as well as state statutes, arising out of this program. Defendant Anthony J. Rackauckas is the current District Attorney of Orange County, and Defendant Sandra Hutchens is the current Sheriff of Orange County. (*Id*. ¶¶ 22–23.)

The Complaint alleges that Plaintiffs have standing under California state law as taxpayers pursuant to California Code of Civil Procedure Section 526a, as well as to vindicate a substantial public interest in seeking a writ of mandamus pursuant to California Code of Civil Procedure Section 1085. (*Id*. ¶¶ 11, 13–21.) The Complaint further alleges that Plaintiffs "have suffered ongoing injuries necessitating relief" as a result of Defendants' alleged unconstitutional policies, practices, and customs, and seeks declaratory and injunctive relief to declare as unconstitutional and enjoin the alleged jailhouse informant program. (*Id*. ¶¶ 130, 135, 140, 144, 148, 152, 156, 160, 162.)

On May 8, 2018, Defendants removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] ¶ 4.) Defendants asserted that the action "arises under 42 U.S.C. § 1983, the Federal Constitution, and the laws of the United States." (*Id*.) On June 13, 2018, Plaintiffs filed a motion to remand the action to Orange County Superior Court, arguing that removal was improper because Plaintiffs lack Article III standing, and the Court therefore lacks subject matter jurisdiction over this action. (Dkt. 28 [hereinafter "Mot."].) Plaintiffs are right. Because Plaintiffs have suffered no direct injury, they lack Article III standing to pursue their constitutional claims in federal court. The Court now must remand this action back to Orange County Superior Court for lack of subject matter jurisdiction. Accordingly, Plaintiffs' motion is GRANTED.

## II. DISCUSSION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The district court generally *must* remand the case to state court, rather than dismiss it." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). "Remand is the correct remedy" when a district court lacks subject-matter jurisdiction, because "the *federal* courts have no power to adjudicate the matter," while "[s]tate courts are not bound by the constraints of Article III." *Id.* (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)). "[A] removed case in which the plaintiff lacks Article III standing *must* be remanded to state court under § 1447(c)." *Id.* (emphasis added); *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."); *Envtl. Research Ctr. v. Heartland Prod.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014) (remanding the action because the plaintiff lacked a cognizable Article III injury).

The Supreme Court has suggested that Section 1447(c) mandates remand absent a showing of futility.[1] *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of Section 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'")

---

[1] The Ninth Circuit Court of Appeals has allowed dismissal, rather than remand, if a state court would inevitably dismiss the case as well, rendering a remand futile. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991). "However, the *Bell* rule has been questioned, and may no longer be good law." *Polo*, 833 F.3d at 1197. "Even applying the *Bell* rule, however, a district court must have absolute certainty that a state court would simply dismiss the action on remand." *Id.* at 1198 (citing *Bell*, 922 F.2d at 1425 (quotation marks omitted). Defendants do not argue that remand is futile. (*See generally* Opp.)

(citations omitted). Indeed, a majority of circuits have held that remand is mandatory pursuant to Section 1447(c) when the court lacks subject matter jurisdiction. *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1226 (10th Cir. 2012) (collecting cases from the Second, Third, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits).

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998)). To satisfy Article III's standing requirement, "a plaintiff must show (1) that it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). "Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's . . . standing in state court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985); *see Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013) ("[T]he fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled law to the contrary."). Defendants bear the burden of establishing Plaintiffs' Article III standing as the party asserting federal jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Defendants have not met this burden, nor do they even attempt to do so.[2]

It is apparent on the face of the Complaint that Plaintiffs lack Article III standing to sue in federal court because they have not suffered an "injury in fact." Plaintiffs allege

---

[2] Defendants make no argument regarding Plaintiffs' Article III standing, but rather state that it is "an issue that the removing parties submit to the sound discretion of the Court." (Opp. at 2.)

they have taxpayer standing under California law.  *See* Cal. Civ. Proc. Code § 526a.[3]
Section 526a

> permits a taxpayer to bring an action to restrain or prevent an illegal expenditure of public money.  No showing of special damage to a particular taxpayer is required as a requisite for bringing a taxpayer suit.  Rather, taxpayer suits provide a general citizen remedy for controlling illegal governmental activity.

*Connerly v. State Pers. Bd.*, 92 Cal. App. 4th 16, 29 (2001) (citations omitted).  While Section 526a confers "broad standing for taxpayers," it does not automatically confer Article III standing.  *Cantrell v. City of Long Beach*, 241 F. 3d 674, 683 (9th Cir. 2001) (citing *Blair v. Pitchess*, 5 Cal. 3d 258, 268 (Cal. 1971)).  Because Section 526 permits only injunctive relief, "taxpayer status, without more, does not suffice under Article III to demonstrate an injury in fact for purposes of such purely prospective relief."  *Id*. at 684; *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 346 (2006) ("[S]tate taxpayers have no standing under Article III to challenge state tax or spending decisions simply by virtue of their status as taxpayers.").

Plaintiffs also allege they have public interest standing for citizen suits seeking a writ of mandamus under California law.  *See* Cal. Civ. Proc. Code §1085.[4]  "Citizen suits may be brought without the necessity of showing a legal or special interest in the result where the issue is one of public right and the object is to procure the enforcement of a

---

[3] California Civil Procedure Code Section 526a provides: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein."

[4] California Civil Procedure Code Section 1085(a) provides: "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person."

public duty." *Connerly*, 92 Cal. App. 4th at 29; *see also Common Cause v. Bd. of Supervisors*, 49 Cal. 3d 432, 439 (Cal. 1989). Plaintiffs' standing under California law includes standing to bring claims under 42 U.S.C. § 1983. *See California Dui Lawyers Ass'n v. California Dep't of Motor Vehicles*, 20 Cal. App. 5th 1247, 1253, 1257–65 (Ct. App. 2018) (plaintiff had standing under Section 526a and common law taxpayer standing to bring its Section 1983 claims).

Plaintiffs' alleged injuries include "systematic violations" of the 5th and 14th Amendments of the U.S. Constitution, and Article 1, Sections 5 and 7 of the California Constitution, and California Penal Code Section 1054 *et seq.* (Compl. ¶¶ 130, 135, 140, 144, 148, 156, 160.) Plaintiffs seek declaratory relief and injunctive relief, but no monetary relief. *See Connerly*, 92 Cal. App. 4th at 29 ("[A] taxpayer suit seeks preventative relief, to restrain an illegal expenditure, while a citizen suit seeks affirmative relief, to compel the performance of a public duty."). These injuries are not "concrete and particularized," "but instead a grievance the taxpayer 'suffers in some indefinite way in common with people generally.'" *DaimlerChrysler Corp.*, 547 U.S. at 344 (citing *Lujan*, 504 U.S. at 560, *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923)).

Despite the "straightforward proposition" that a federal court lacks subject matter jurisdiction over a removed action in which the plaintiff lacks Article III standing, *Polo*, 833 F.3d at 1196, Defendants ask the Court to "adopt the narrower definition of subject matter jurisdiction, which does not include Article III standing (at least in relation to a motion to remand)." (Dkt. 37 [Defendants' Opposition, hereinafter "Opp."] at 10.) The Ninth Circuit, however, specifically has rejected the argument that subject matter jurisdiction and standing are separate concepts. *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013). It is well-settled law that Article III standing is a constitutional limitation on a court's subject matter jurisdiction. *See Cetacean*

*Cmty.*, 386 F.3d at 1174 (citation omitted). Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan*, 504 U.S. at 560, and an integral component of subject matter jurisdiction, *Bender v. Williamsport Area School District*, 475 U.S. 534, 541–43 (1986). *See also Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing is a threshold matter central to our subject matter jurisdiction. We must assure ourselves that the constitutional standing requirements are satisfied before proceeding to the merits."); *Steel Co.*, 523 U.S. at 102 (same). Indeed, even if Plaintiffs had not raised the issue of Article III standing, the Court is "under an independent obligation to examine [its] own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." *United States v. Hays*, 515 U.S. 737, 742 (1995) (internal quotations and citations omitted).

Defendants also argue that the Court should exercise its discretion to decline remand, and "exercise its jurisdiction over the federal questions presented." (Opp. at 11–16.)[5] But Defendants' arguments ignore that the Court lacks subject matter jurisdiction over this entire action, and thus cannot hear this case. (*See id.* at 12 [arguing that the Court has original jurisdiction over the federal questions presented in the Complaint], 15 [arguing that the Court should "refuse to divest itself of the original jurisdiction over federal questions granted by Congress"].) Where a court lacks subject matter jurisdiction because the plaintiff lacks Article III standing as to *all* claims asserted, the court cannot make a decision on the merits of a case. *See Steel Co.*, 523 U.S. at 101–02 ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."); *Righthaven LLC*, 716 F.3d at 1172 (if the plaintiff lacks Article III standing to maintain a suit, federal courts lack jurisdiction to reach the merits questions). And Section 1447(c)

---

[5] Because the Court lacks subject matter jurisdiction over this case and must remand it, it is unnecessary to address Defendants' arguments that the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims, and that concurrent jurisdiction does not render removal improper. (Opp. at 16–19.)

requires a district court to remand a removed case to state court if subject matter jurisdiction is lacking over the entire case. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001) (declining to remand an action due to the plaintiff's lack of Article III standing to sue one defendant in light of the court's subject matter jurisdiction over the plaintiff's other claims).[6]

Defendants also argue that the Court should not "divest" itself of original jurisdiction over Plaintiffs' constitutional claims. But Congress specifically has said that jurisdiction is concurrent, and California state courts "possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretations of federal law." *ASARCO Inc.*, 490 U.S. at 617 (citing 28 U.S.C. § 1738; *Grubb v. Public Utilities Comm'n of Ohio*, 281 U.S. 470 (1930)); *see Maine v. Thiboutot*, 448 U.S. 1, 3, n. 1 (1980) (finding concurrent jurisdiction over 42 U.S.C. § 1983 suits). The Supreme Court has affirmed that "state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or [] a federal statute." *Id.* If the Court were to adopt Defendants' argument

---

[6] Defendants analogize this case to *Advocates for Individuals with Disabilities Found. Inc. v. Russell Enterprises Inc.*, No. CV-16-02380-PHX-JAT, 2016 WL 7187931 (D. Ariz. Dec. 12, 2016), in which the district court dismissed, rather than remanded, the plaintiff's federal claims. (Opp. at 14–16.) The district court determined that it was uncertain that the plaintiff would have standing in state court, and remanded the plaintiff's state law claims. *Id*. at *3. However, the court dismissed the plaintiff's federal claims without prejudice, reasoning that although the state court had concurrent jurisdiction over the federal claims, "a state's more-lenient standing requirements" cannot divest a federal court of federal question jurisdiction. *Id.* The court stated this principle based on an erroneous interpretation of the Supreme Court's decision in *DaimlerChrysler*. The court interpreted *DaimlerChrysler* to stand for the principle that a district court must dismiss, rather than remand, "an action originally filed in state court because the plaintiffs lacked Article III standing and despite plaintiffs filing motions to remand the case to state court." *Id*. In *DaimlerChrysler*, the plaintiffs argued that they had standing before the Supreme Court, which held that they lacked Article III standing. *DaimlerChrysler*, 547 U.S. at 354. The Supreme Court did not hold that the district court below should have dismissed the case, but rather noted that "the lower courts erred by considering [the plaintiffs'] claims against [the franchise tax credit] on the merits." *Id*. Defendants would have this Court commit that same error by ignoring Plaintiffs' Article III standing and ruling on Defendants' motion to dismiss.

and dismiss Plaintiffs' federal claims, those claims would either be stuck in a perpetual loop of removal to federal court and dismissal for lack of standing, or Plaintiffs would be unable to have their federal claims heard by any tribunal. The state of California, however, has chosen to confer standing on Plaintiffs to bring the constitutional claims asserted in their Complaint. This Court will not deny Plaintiffs of that right.

Plaintiffs request an award of attorneys' fees and expenses for bringing their motion to remand. (Mot. at 7–10.) Plaintiffs argue that removal was improper because it was obvious that Plaintiffs lacked Article III standing and Defendants bear the burden of demonstrating the Court has jurisdiction when removing an action to federal court. (*Id*. at 3–5.) Defendants argue that they made a good faith removal because they are only required to demonstrate that the Court has original jurisdiction over an action to establish removal jurisdiction under Section 1441(a), which the Court clearly has based on Plaintiffs' federal claims. (Opp. at 17–23.) Defendants contend that whether Plaintiffs lacked Article III standing should only be considered upon the Court's consideration of its subject matter jurisdiction for purposes of remand under Section 1447(c). The parties' arguments boil down to a simple question of timing–whether the Court's subject matter jurisdiction must be established by the removing party before or after removal. The Court notes that the end result here is the same–the Court lacks subject matter jurisdiction, and must remand this case. The only discernable impact of this dispute concerns whether removal was proper, and thus, whether Plaintiffs are entitled to attorneys' fees.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), but "does not authorize an award of costs or fees when the initial removal was proper," *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995). "[A]bsent unusual circumstances, attorney's fees should not be awarded

when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The award of fees is within the discretion of the district court. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

The Court declines to award attorneys' fees to Plaintiffs here, as Defendants' removal was not so obviously barred as to warrant an award. The statutory language of Section 1441 and 1447(c) refers to the type of jurisdiction at issue differently. *See* 28 U.S.C. §§ 1441 ("original jurisdiction"), 1447(c) ("subject matter jurisdiction"). And Ninth Circuit case law supports both of the parties' positions. Some decisions discuss the determination of removal jurisdiction as involving subject matter jurisdiction. *See Polo*, 833 F.3d at 1197 ("This case lacked a named plaintiff with Article III standing, and therefore was not properly removed."). However, other cases separate the determination of original jurisdiction upon removal and subject matter jurisdiction after removal. *See State of Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) ("A defendant's power to remove a case to federal court is independent of the federal court's power to hear it. These are analytically distinct inquiries and should not be confused. Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims."); *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("By 'removal jurisdiction' we refer only to whether the requirements imposed by the particular removal statute have been fulfilled . . . . [A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.").[7] In light of conflicting case law

---

[7] One of the cases central to the parties' dispute, *Lee*, includes language that considers original jurisdiction alone, as well as language that equates original jurisdiction with subject matter jurisdiction. *Compare Lee*, 260 F.3d at 1002–03 ("Our circuit has held that the presence of at least some claims over which the district court has original jurisdiction is sufficient to allow removal of an entire case, even if others of the claims alleged are beyond the district court's power to decide.") *with id.* at 1002 ("[U]nder this circuits precedents, it is clear that, as a general matter, there is original jurisdiction, and therefore

regarding when a determination of subject matter jurisdiction, including Article III standing, is proper with respect to removal, Defendants had an objectively reasonable basis for removal based on federal question jurisdiction.

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED, and the Court hereby remands this action to the Orange County Superior Court.

DATED: July 23, 2018

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

removal jurisdiction under 28 U.S.C. § 1441(a), over a case as long as there is subject matter jurisdiction over one or more of the claims alleged.").